UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
JUN 01 2018

| | | |
|---|---|---|
| THE ESTATE OF ROBERT BEAR SHIELD, JERRY BEAR SHIELD SR., JERRY BEAR SHIELD JR., and JAYDEE SPOTTED ELK | ) ) ) ) ) | Case No. 18 - 5036<br><br>**COMPLAINT** |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| KUMHO TIRE U.S.A., INC., and KUMHO TIRE MERGER SUBSIDIARY, INC., | ) ) ) | |
| **Defendants.** | ) | |

PLAINTIFFS Brigitte Jahner, as personal representative of the Estate of the late Robert Bear Shield; Jerry Bear Shield Sr., as a dependant parent of the late Robert Bear Shield, Jerry Bear Shield Jr., as dependant brother of the late Robert Bear Shield and Jaydee Spotted Elk individually, hereby bring suit against defendant Kumho Tire U.S.A., Inc., and Kumho Merger Subsidiary, Inc., for causes of action as follows:

## PARTIES

1. Plaintiff Brigitte Jahner, (hereinafter "Brigitte,") is an individual residing in the State of North Dakota.

2. Plainitff Jerry Bear Shield Sr., (hereafter "Jerry Senior,"), as dependent parent of the deceased, residing in the State of Nebraska.

3. Plaintiff Jerry Bear Shield Jr., as dependent sibling of the deceased, residing in the State of South Dakota.

4. Plaintiff Jaydee Spotted Elk, as an individual, residing in the State of South Dakota.

5. Defendant, Kumho Tire U.S.A, Inc., (hereinafter "Kumho") is a corporation formed and operated under the laws of the State of California. In 2016 Kumho Tire U.S.A., Inc., merged with and became Kumho Tire Merger Subsidiary, Inc., a corporation organized under the laws of the State of Georgia. Kumho Tire U.S.A. Inc., is active but has a status of "merged out."

6. At all times relevant to the within matter, Kumho designed, manufactured, assembled, distributed, sold and/or introduced automotive tires into the stream of

commerce into the State of South Dakota.

## JURISDICTION AND VENUE

7. Jurisdiction is vested with this Court pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 and there exists complete diversity of citizenship between Plaintiffs and Defendant.

8. Venue is proper in this Court, as the claims arose in Lawrence County, South Dakota, in this district.

## STATEMENT AND FACTS

Upon information and belief:

9. Heavy Constructors, Inc., (hereinafter "Heavy,") is the registered South Dakota corporation and owner of a 2002 Ford F 250 Flatbed pickup truck.

10. At all times relevant to the within matter, Heavy maintained the truck in good working order and maintained all necessary registration and insurance on the truck.

11. At all times relevant to the within matter, Decedent was employed by Heavy in the position of a "Red Hat," or on-site supervisor.

12. At all times relevant to the within matter, Decedent was lawfully permitted to operate the flatbed pickup truck on the highways, roads and interstates and freeways in the United States.

13. Kumho is a manufacturer of various styles of tires, including tires such as the Kumho LT 265/17/16.

14. On the sixth week of 2012 Kumho manufactured a brand new LT 265/17/16 (hereinafter "the tire"), which was subsequently purchased by Heavy sometime prior to June 22, 2016.

15. Sometime prior to June 22, 2016 Heavy installed the tire along with three other Kumho tires on its Ford F 250.

16. At the beginning of the 2016 concrete season the 32 year old Robert was promoted by Heavy to the red hat supervisor position. The first, full blood Native American to receive that job title at Heavy.

17. In addition to a pay raise and a title, Robert received the Ford F250 work truck to drive back and forth to job sites. While the other new supervisors received new work trucks, Robert specifically chose the used work truck.

18. The tire was properly maintained and used in the normal and expected course of conduct from the date it was purchased, and was never recapped or re-grooved prior to being installed on the truck.

19. At all times relevant to the within matter, Heavy and Decedent had visually inspected the tire and the truck to insure that all equipment and operating systems functioned properly.

20. On or about June 22, 2016 at approximately 6:45 P.M. Decedent along with his crew had finished work for the day on an interstate project near and through the City of Spearfish South Dakota. Decedent, Justin Hawk Wing and Jaydee Spotted Elk got in the Ford F 250 work truck and headed back to Rapid City.

21. Traffic was light and weather conditions were 70 degrees and with no precipitation.

22. After passing over a bridge eastbound on Interstate 90 the occupants felt and heard what seemed to be a small bump in the road. The truck then began moving erratically. Robert tried to slow down and control the truck. Moments later he put his right arm in front of the two passengers Jaydee and Justin as if to brace them.

23. None of the occupants were using alcohol or drugs.

24. As a result of the tire tread separating from the side walls of the tire, all three occupants were thrown from the truck as it began to roll near mile marker 26 in Meade County, South Dakota. Robert was killed immediately, Justin received serious injuries. Jaydee received relatively minor physical injuries but serious injuries to his mind or what is commonly referred to as survivor's guilt.

25. As a direct and proximate result of Decedent's death, Plaintiffs Brigitte Jahner; Jerry Bear Shield Sr., Jerry Bear Shield Jr., and Jaydee Spotted Elk have sustained damages in excess of $75,000.00 due to suffering the loss of financial support, loss of companionship, and severe physical and emotional pain.

## COUNT I-NEGLIGENCE

26. Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above, as though set forth fully herein.

27. At all times relevant to the within matter, Defendant Kumho was charged with the duty to use reasonable care in designing, selecting materials, manufacturing, constructing, testing, inspecting, marketing, and/or distributing the tire to determine that it was in a condition safe for its intended use.

28. Defendant Kumho, by and through its agents, servants, employees, and/or representatives, negligently, carelessly, and/or recklessly breached its duty of reasonable care in one or more of the following ways:

   (a) Designing, manufacturing, and/or assembling a defective product that the company knew or reasonable should have known subjected the reasonably foreseeable users to an unreasonable risk of harm;

   (b) Selling, distributing, and/or supplying a dangerously defective product that the company knew or reasonably should have known subjected the reasonably foreseeable users to an unreasonable risk of harm;

   (c) Designing a product that contained improper materials, including but not limited to using old materials to construct the tire;

   (d) Designing a product that did not contain reasonable and technologically feasible safety devices including but not limited to a full overlay nylon cap;

   (e) Failing to design and supply a product that was safe for all reasonably foreseeable users;

   (f) Failing to provide adequate warnings to reasonably foreseeable users of a dangerous and defective condition of the product, including but not limited to age and wear of the product; and

   (g) Failing to comply with applicable statutes, codes, regulations, and generally recognized safety practices and standards.

29. As a direct and proximate result of Defendant Kumho's breach of its duties, Decedent sustained significant physical injuries and death.

30. As a direct and proximate result of Defendant Kumho's breach of its duties, Plaintiffs Brigitte Jahner, Jerry Bear Shield Sr., Jerry Bear Shield Jr., and Jaydee Spotted Elk have been caused to suffer damages as set forth above.

## COUNT II-STRICT LIABILITY

31. Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above as though set forth fully herein.

32. Kumho designed, manufactured, assembled, distributed, sold and/or introduced into the stream of commerce the tire in a dangerously defective condition.

33. The tire that Kumho designed, manufactured, assembled, distributed, sold and/or introduced into the stream of commerce was in a dangerously defective condition when it left Kumho's possession and/or control.

34. The tire that Kumho designed, manufactured, assembled, distributed, sold and/or introduced into the stream of commerce was in a dangerously defective condition when it left Kumho's possession and/or control.

35. That the June 22, 2016 motor vehicle wreck and related injuries and death of the Decedent and injuries of Jaydee Spotted Elk, were caused by and resulted from Kumho's acts and or omissions, through its agents, sales representatives, servants and or employees in the course and scope of their employment, which included the following

    (a) Designing, manufacturing, and/or assembling a defective product that the company knew or reasonable should have known subjected the reasonably foreseeable users to an unreasonable risk of harm;

    (b) Selling, distributing, and/or supplying a dangerously defective product that the company knew or reasonably should have known subjected the reasonably foreseeable users to an unreasonable risk of harm;

    (c) Designing a product that contained improper materials, including but not limited to using old materials to construct the tire;

    (d) Designing a product that did not contain reasonable and technologically feasible safety devices including but not limited to a full overlay nylon cap which is extremely low in costs but radically decreases separation of the tread from the side walls of a tire constituting a defect and defective condition;

    (e) Failing to inspect the belt cables on the tire for lack of adhesion.

    (f) Failing to design and supply a product that was safe for all reasonably foreseeable users;

    (g) Failing to provide adequate warnings to reasonably foreseeable users of a dangerous and defective condition of the product, including but not limited

        to age and wear of the product materials used to construct the tire;

    (h)    Failing to comply with applicable statutes, codes, regulations, and generally recognized safety practices and standards.

36. Kumho is strictly liable for the death of Decedent and the damages sustained by Plaintiffs Brigitte Jahner, Jerry Bear Shield Sr., Jerry Bear Shield Jr., and Jaydee Spotted Elk.

damages together with prejudgment interest, costs and all other relief deemed appropriate by the Court.

## COUNT III - BREACH OF WARRANTY

37. Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above as though set forth fully herein.

38. Defendant Kumho expressly and/or impliedly warranted that the tire was of merchantable quality.

39. Defendant Kumho breach the expressed and/or implied warranty because the tire was not of merchantable quality.

40. Kumho is liable for the death of Decedent and the damages sustained by Plaintiffs Brigitte Jahner, Jerry Bear Shield Sr., Jerry Bear Shield Jr., and Jaydee Spotted Elk.

## IV - WRONGFUL DEATH

41. Plaintiff Brigitte Jahner as personal representative for the estate of the Decedent pursuant to SDCL §21-5, brings this action of behalf of Jerry Bear Shield Sr., father of the Decedent and Jerry Bear Shield Jr., brother of the Decedent, to recover for the wrongful death of the Decedent caused by Defendants' negligence.

42. As a direct and proximate result of the negligence of the Defendants in causing the death of the Decedent, the surviving beneficiaries have been deprived of the love, society, companionship, care, comfort, protection and financial support that Robert Bear Shield was providing and would have continued to provide had his untimely death not occurred.

## V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff Jaydee Spotted Elk brings this action to recover non-trivial, non-temporary emotional distress inflicted upon him.

44. As a directed and proximate result of the negligence of the Defendants in causing the death of the Decedent, Jaydee Spotted Elk witnessed the trauma and ensuing death of the Decedent and has suffered severe emotional distress causing physical injury including but not limited to severe anxiety and depression.

## VI- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff Jaydee Spotted Elk brings this action to recover non-trivial, non-temporary emotional distress inflicted upon him.

46. As a direct and proximate result of the recklessness of the Defendants in causing the death of the Decedent, Jaydee Spotted Elk witnessed the trauma and ensuing death of the Decedent and has suffered severe emotional distress causing physical injury including but not limited to severe anxiety and depression.

## VII DAMAGES

47. As a proximate and direct result of the incident, death and injuries, damages for which all defendants are liable the Plaintiffs seek and are entitled to general damages, special damages, economic damages and punitive damages as determined to be fair and just by a jury and as augmented by prejudgment and post judgment interest.

## VIII JURY TRIAL DEMAND

48. Plaintiffs demand a trial by jury for all issues so triable.

49. WHEREFORE, Plaintiffs pray that Defendants be cited and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiffs recover judgment of and from the Defendants, jointly and severally, for all damages referenced above, including such actual, compensatory, special, additional and punitive damages in such manner as the evidence may show and the jury may determine to be proper, together with the costs, prejudgment interest, post-judgment interest, and such other and further relieve to which the Plaintiffs may show themselves justly and entitled to at law or in equity.

Dated this 1st Day of June, 2018.

Attorneys for the Plaintiffs

FITZGERALD LAW FIRM
A Professional Law Corporation

John M. Fitzgerald
625 ½ Main Street; Ste 2
Rapid City, SD 57701
(605) 716-6272 Office
(888) 642-4341 Facsimile
john.fitzgerald@fitzgeraldfirm.com

MACNALLY LAW OFFICE

Shiloh MacNally
625 ½ Main Street; Ste 2
Rapid City, SD 57701
(605) 716-3867
macnallylaw@outlook.com