UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| THE ESTATE OF ROBERT BEAR SHIELD, JERRY BEAR SHIELD SR., JERRY BEAR SHIELD JR., and JAYDEE SPOTTED ELK,<br><br>Plaintiffs,<br><br>v.<br><br>KUMHO TIRE U.S.A., INC., and KUMHO TIRE MERGER SUBSIDIARY, INC.,<br><br>Defendants. | Case No. 18-5036<br><br>**ANSWER** |

Kumho Tire Merger Subsidiary, Inc. (hereinafter "Kumho Tire Merger") for its Answer to Plaintiffs' Complaint states and alleges as follows:

## AS A FIRST DEFENSE

1. Kumho Tire Merger denies each matter alleged in the Complaint, except those matters specifically admitted hereinafter.

## PARTIES

2. Kumho Tire Merger lacks knowledge or information sufficient to form a belief about the truth of the matters alleged in Paragraphs 1-4 of the Complaint.

3. In response to Paragraph 5, Kumho Tire Merger admits only that it was formed under the laws of the State of Georgia and that Kumho Tire U.S.A., Inc. is a Georgia corporation. Kumho Tire Merger is without knowledge to admit or deny the

remaining allegations contained in Paragraph 5, and therefore denies same.

4. To the extent that Paragraph 6 is directed at Kumho Tire Merger, Kumho Tire Merger denies the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

5. Kumho Tire Merger lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 7 and 8 of the Complaint.

## STATEMENT AND FACTS

6. Kumho Tire Merger lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 of the Complaint.

7. To the extent that Paragraph 13 is directed at Kumho Tire Merger, Kumho Tire Merger denies the allegations contained in Paragraph 13 of the Complaint.

8. Kumho Tire Merger denies that it manufactured the tire as identified in Paragraph 14 of the Complaint. Additionally, Kumho Tire Merger lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint, and therefore denies same.

## COUNT I – NEGLIGENCE

9. In response to Paragraph 26, Kumho Tire Merger hereby incorporates by reference its responses to Paragraphs 1-25 of the Complaint as though the same were fully set forth herein at length.

10. In response to Paragraphs 27, 28, 29 and 30 of the Complaint, Kumho Tire Merger denies the allegations contained in said paragraphs.

## COUNT II – STRICT LIABILITY

11. In response to Paragraph 31, Kumho Tire Merger hereby incorporates by reference its responses to Paragraphs 1-30 of the Complaint as though the same were fully set forth herein at length.

12. In response to Paragraphs 32, 33, 34, 35, and 36 of the Complaint, Kumho Tire Merger denies the allegations contained in said paragraphs.

## COUNT III – BREACH OF WARRANTY

13. In response to Paragraph 37, Kumho Tire Merger hereby incorporates by reference its responses to Paragraphs 1-36 of the Complaint as though the same were fully set forth herein at length.

14. In response to Paragraphs 38, 39 and 40, Kumho Tire Merger denies the allegations contained in said paragraphs.

## COUNT IV – WRONGFUL DEATH

15. In response to Paragraph 41, Kumho Tire Merger lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in said paragraph.

16. In response to Paragraph 42, Kumho Tire Merger specifically denies the allegations contained in said paragraph.

## COUNT V – NEGIGENT INFLICTION OF EMOTIONAL DISTRESS

17. In response to Paragraph 43, Kumho Tire Merger lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in said paragraph.

18. In response to Paragraph 44, Kumho Tire Merger specifically denies the allegations set forth in said paragraph.

## COUNT VI – INENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

19. In response to Paragraph 45, Kumho Tire Merger lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in said paragraph.

20. In response to Paragraph 46, Kumho Tire Merger specifically denies the allegations set forth in said paragraph.

## COUNT VII – DAMAGES

21. Kumho Tire Merger denies the allegations contained in Paragraph 47 of the Complaint.

## AS A SECOND DEFENSE

22. Kumho Tire Merger alleges that the Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS A THIRD DEFENSE

23. Kumho Tire Merger alleges that the injuries and damages alleged in the

Complaint were caused by the negligence or fault of the decedent, Robert Bear Shield.

## AS A FOURTH DEFENSE

24. Kumho Tire Merger alleges that the injuries and damages alleged in the Complaint were caused by the negligence or fault of other persons, firms, corporations, or entities over whom this defendant has or had no control, or right of control, and for whom Kumho Tire Merger is not responsible.

## AS A FIFTH DEFENSE

25. Kumho Tire Merger affirmatively alleges that Plaintiffs have no basis in fact to assert a claim for punitive damages.

## AS A SIXTH DEFENSE

26. Kumho Tire Merger affirmatively alleges that the imposition of punitive damages in this case would violate the United States Constitution and the Eighth Amendment guarantee against excessive fines.

## AS A SEVENTH DEFENSE

27. Kumho Tire Merger affirmatively alleges that the imposition of punitive damages in this case would violate the Due Process Clause of the United States Constitution and the South Dakota State Constitution.

## AS AN EIGHTH DEFENSE

28. Kumho Tire Merger affirmatively alleges that the imposition of punitive damages in this case would violate the Equal Protection Clause of the United States

Constitution and the South Dakota State Constitution.

## AS A NINTH DEFENSE

29. Kumho Tire Merger affirmatively alleges that the claim for punitive damages against it cannot be sustained because any award of punitive damages without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found would violate Kumho Tire Merger's Due Process rights guaranteed by the Fourteenth Amendment to the United States Constitution and would be improper under the common law and policies of South Dakota.

## AS A TENTH DEFENSE

30. Kumho Tire Merger alleges that the tire identified in Plaintiffs' Complaint was not in substantially the same state or condition at the time of the alleged accident as when it left the manufacturing and/or distribution process.

## AS AN ELEVENTH DEFENSE

31. Kumho Tire Merger alleges that the tire identified in Plaintiffs' Complaint complied with all applicable laws, statutes, regulations and standards.

## AS A TWELFTH DEFENSE

32. Kumho Tire Merger alleges that the injuries, damages, or other relief claimed in Plaintiffs' Complaint were the result of superseding, intervening causes and/or events unforeseeable to Kumho Tire Merger.

## AS A THIRTEENTH DEFENSE

33. Kumho Tire Merger alleges that Plaintiffs' damages, if any, were caused in whole or in part, by the abuse, misuse, and/or alteration of the vehicle and/or its components identified in Plaintiffs' Complaint.

## AS A FOURTEENTH DEFENSE

34. Kumho Tire Merger alleges that Plaintiffs' purported claims and causes of action, in whole or in part, are barred by the applicable statutes of limitation.

## AS A FIFTEENTH DEFENSE

35. Kumho Tire Merger alleges that Plaintiffs' claims are barred, in whole or in part, due to assumption of the risk.

## AS A SIXTEENTH DEFENSE

36. Kumho Tire Merger alleges Plaintiffs' claims are barred, in whole or in part, due to the doctrine of spoliation to the extent the vehicle and its component parts were not retained in their immediate post-accident condition.

## AS A SEVENTEENTH DEFENSE

37. Kumho Tire Merger alleges that plaintiffs failed to mitigate damages.

## AS A EIGHTEENTH DEFENSE

38. Kumho Tire Merger did not manufacture or distribute the tire identified in Plaintiffs' Complaint.

## RESERVATION OF RIGHTS

39.     Kumho Tire Merger reserves the right to amend its answer to include additional affirmative defenses after it has had an opportunity to investigate the allegations.

## JURY DEMAND

40.     Kumho Tire Merger hereby demands a jury trial for all issues so triable.

**WHEREFORE**, Kumho Tire Merger prays for judgment dismissing Plaintiffs' Complaint in its entirety on the merits and with prejudice and awarding its costs and disbursements relative to this matter; and, awarding such other and further relief as this Court deems just and equitable.

Dated this 28th day of August, 2018.

**BANTZ, GOSCH & CREMER, L.L.C.**

*/s/ Rory King*
Attorneys for Defendants Kumho Tire Merger
    Subsidiary, Inc.
305 Sixth Avenue S.E.
P.O. Box 970
Aberdeen, SD  57402-0970
605-225-2232
605-225-2497 (fax)
rking@bantzlaw.com