UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BRIGITTE JAHNER, as personal representative of the Estate of Robert Bear Shield, JERRY BEAR SHIELD SR., JERRY BEAR SHIELD JR., JAYDEE SPOTTED ELK, AMERICAN ZURICH INSURANCE COMPANY and HEAVY CONSTRUCTORS INC., <br><br> Plaintiffs, <br><br> v. <br><br> KUMHO TIRE U.S.A., INC., KUMHO TIRE MERGER SUBSIDIARY, INC. and KUMHO TIRE CO., INC., <br><br> Defendants. | Case No. 18-5036-JLV |

**BRIEF IN SUPPORT OF THE MOTION OF DEFENDANT KUMHO TIRE CO., INC.
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(4) and 12(b)(5)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii-iii
SUMMARY OF THE ARGUMENT .................................................................................... 1
BACKGROUND FACTS AND PROCEDURAL HISTORY ....................................... 2
JURISDICTIONAL FACTS .................................................................................................. 4
ARGUMENT ........................................................................................................................... 5
   I.   THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(4) AS THE SHIELD PLAINTIFFS FAILED TO OBTAIN LEAVE OF COURT BEFORE FILING IT. ................................................................................ 5
   II.   SERVICE BY MAIL ON A SOUTH KOREAN COMPANY IS IMPROPER AND INVALID. ................................................................................................................. 7
   III.   PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER KTCI IN THIS CASE. ................................................................................................................ 8
      A.   KTCI Is Not Present In South Dakota And Is Not Subject To General Jurisdiction Here. .............................................................................................................. 9
      B.   KTCI Is Not Subject To Specific Jurisdiction In South Dakota In This Case. ............ 9
CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Allied Home Mortgage Capital v. Belli*, 2012 U.S. Dist. LEXIS 103345 (D. Mass. 2012) ........... 6
*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780-81 (2017) .......... 1, 10, 12, 13
*Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) ............................................................... 11, 12
*Derkach v. Postell Assocs.*, 2019 U.S. Dist. LEXIS 94170 (D. Neb. 2019) ............................... 13
*Duffield v. MPC Pipelines, Inc.*, 2017 U.S. Dist. LEXIS 3398 *19-20 (S.D. 2017) ................. 7, 8
*Freeman v. Bechtel Const. Co.,* 87 F.3d 1029, 1032 (8th Cir. 1996) ............................................ 8
*Fullerton v. Smith & Nephew, Inc.*, 2019 U.S. Dist. LEXIS 77350 (E.D. Mo. 2019) ................. 13
*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) .......................... 12
*Greeley v. Walters*, 2011 LEXIS 28917 *3 (S.D. 2011) ............................................................... 7
*Gulf Coast Bank & Trust Co. v. Designed Conveyor Sys., L.L.C.,* 717 Fed. Appx. 394 (5th Cir. 2017) .......................................................................................................................................... 13
*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ..................................................... 10
*Matus v. Premium Nutraceuticals, LLC*, 715 Fed. Appx. 662 (9th Cir. 2018) ............................. 14
*Miller v. Nippon Carbon Co.,* 528 F.3d 1087, 1089 (2008) ........................................................ 10
*Mitchell v. Depuy Orthopaedics, Inc.,* 2019 U.S. Dist. LEXIS 92621 (W.D. Mo. 2019) ............ 13
*Nagy v. Naday,* 2019 U.S. Dist. LEXIS 17052 *2 (Mass. 2019) .................................................. 9
*PCM Sales, Inc. v. Quadbridge, Inc.,* 2016 U.S. Dist. LEXIS 13042 (N.D. Texas 2016) ............ 7
*Peters v. Sloan*, 762 Fed. Appx. 344 (7th Cir. 2019) ................................................................... 13
*PTA-FLA, Inc. v. ZTE Corp.,* 715 Fed. Appx. 237 (4th Cir. 2017) .............................................. 13
*Silva v. Metro. Life Ins. Co.*, 762 F. 3d 711, 719 (8th Cir. 2014) .................................................. 8
*SPV OSUS, Ltd. v. UBS AG,* 882 F.2d 333 (2d Cir. 2018) .......................................................... 13
*Thach v. Tiger Corp.*, 2009 U.S. Dist. LEXIS 59948 * 4 (S.D. 2009) .......................................... 8
*Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) ........................................................ 9

**Other Authorities**

5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004) ............................................................................................................................................ 7
https://www.hcch.net/en/states/authorities/details3/?aid=262 (last visited October 23, 2019) ..... 10
https://www.hcch.net/en/states/authorities/notifications/?csid=408&disp=resdn (last visited October 23, 2019) ....................................................................................................................... 10
S.D.C.L. 15-2-12.2 .......................................................................................................................... 8
T.I.A.S. No. 6638, 20 U.S.T. 361 (1965) ....................................................................................... 9

**Rules**

Fed. R. Civ. P. 12(b)(4) .................................................................................................................. 7
Fed. R. Civ. P. 15(a) ................................................................................................................... 7, 8
Fed. R. Civ. P. 15(a)(1) .................................................................................................................. 7
Fed. R. Civ. P. 15(a)(2) .................................................................................................................. 7
Fed. R. Civ. P. 4(b) ........................................................................................................................ 7

Fed. R. Civ. P. 4(f) ................................................................................................... 1, 9, 10

# SUMMARY OF THE ARGUMENT

Plaintiffs The Estate of Robert Bear Shield, Jerry Bear Shield, Sr., Jerry Bear Shield, Jr., and Jaydee Spotted Elk (hereafter "the Shield Plaintiffs") never sought leave of Court to file the "Amended Complaint" that purports to join Kumho Tire Co., Inc. (hereafter "KTCI") to this case. That failure deprived the Court of the ability to control this litigation by barring the putative amendment as futile or otherwise improper. In and of itself, the failure to obtain leave of Court before filing the "Amended Complaint" should result in its dismissal.

Even if the Court overlooks the blatant failure to obtain permission before filing an "Amended Complaint" that joins a new party, the Shield Plaintiffs' attempt to serve the "Amended Complaint" violates the Hague Service Convention and Fed. R. Civ. P. 4(f). KTCI is a South Korean company incorporated in the Republic of Korea (South Korea), a signatory to the Hague Service Convention. South Korea has objected to service of original process on its citizens by mail pursuant to Article 10 of the Hague Service Convention. The Shield Plaintiffs sent the "Amended Complaint" directly to KTCI by registered mail. Service by such means is not authorized and is not valid. Service should be quashed and the "Amended Complaint" dismissed.

The Court should dismiss the "Amended Complaint" with prejudice, as no further amendment or service attempt could serve to join or keep KTCI in this case. The "Amended Complaint" pleads no facts to support personal jurisdiction over KTCI in this case. The "Amended Complaint" pleads no facts indicating KTCI is "at home" in South Dakota, so no general jurisdiction exists. The "Amended Complaint" does not identify any act of KTCI relating to this case that was directed to South Dakota. *Bristol-Myers Squibb* and other precedent make clear that specific jurisdiction over KTCI cannot exist in this case. Dismissal is warranted.

# BACKGROUND FACTS AND PROCEDURAL HISTORY

The Shield Plaintiffs[1] initiated this lawsuit by means of a Complaint filed on June 1, 2018. *See* Exhibit A. The Complaint seeks recovery for damages allegedly sustained by the Shield Plaintiffs arising out of a single vehicle automobile accident that occurred on June 22, 2016. *See* Exhibit A, paras. 20-24. The accident allegedly occurred when Robert Bear Shield lost control of a 2002 Ford F250 flatbed pickup truck as he and passengers Jaydee Spotted Elk and Justin Hawk Wing returned from a worksite located in Spearfish, South Dakota. *See id.* Robert Bear Shield allegedly lost control of the vehicle as the result of tire tread separating from the side walls of a Kumho brand LT 265/17/16 tire that was mounted on the truck. *See* Exhibit A, paras. 14-15 and 24. Robert Bear Shield allegedly died in the accident and the other occupants sustained personal injuries. *See* Exhibit A, paras. 24-25.

The original Complaint named two defendants, Kumho Tire U.S.A., Inc. ("KTUSA") and Kumho Tire Merger Subsidiary, Inc. ("Kumho Tire Merger"). *See* Exhibit A, p. 1. The Complaint asserted product liability claims sounding in negligence, strict liability, breach of warranty, negligent infliction of emotional distress and intentional infliction of emotional distress for alleged design, manufacturing and/or warnings defects in the tire that allegedly caused the accident. *See* Exhibit A. According to the Complaint, KTUSA allegedly designed, manufactured, assembled and distributed the subject tire. *See* Exhibit A, paras. 6 and 14.

---

[1] While the caption identifies "The Estate of Robert Bear Shield" as a named Plaintiff, the body of the Complaint identifies "Brigitte Jahner, as personal representative of the Estate of the late Robert Bear Shield" as the proper named Plaintiff. *See* Exhibit A. For purposes of this motion, KTCI will consider the difference in nomenclature has no substantive impact or effect.

Both defendants filed Answers to the Complaint. *See* Exhibit B; ECF No. 18. In its Answer to the Shield Plaintiffs' Complaint, KTUSA admitted that it imported and sold Kumho brand tires. *See* Exhibit B, para. 4. It denied manufacturing tires. *See* Exhibit B, para. 8.

On June 17, 2019, American Zurich Insurance Company and Heavy Constructors, Inc. (hereafter collectively "the Zurich Plaintiffs") initiated a separate lawsuit by filing a Complaint ("the Zurich Complaint") seeking damages arising from the same accident. *See* Exhibit C. Like the Shield Plaintiffs' Complaint, the Zurich Complaint named KTUSA as a defendant. *See* Exhibit C. The Zurich Complaint did not name Kumho Tire Merger as a defendant but did name KTCI, a South Korean company. *See* Exhibit C, para. 3. The Zurich Complaint seeks subrogation for amounts paid by the Zurich Plaintiffs in workers' compensation benefits to or on behalf of Justin Hawk Wing, property damage and mitigation expenses. *See* Exhibit C, paras. 24-25.

Also on June 17, 2019, the Shield Plaintiffs filed an "Amended Complaint." *See* Exhibit D. Despite the filing of Answers by both defendants, the Shield Plaintiffs made no motion seeking leave to file an Amended Complaint. As did the original Complaint by the Shield Plaintiffs, the "Amended Complaint" accused KTUSA of designing, manufacturing assembling and distributing the subject tire. *See* Exhibit D, para. 5.

In addition, however, the "Amended Complaint" of the Shield Plaintiffs purports to add a new defendant: KTCI. *See* Exhibit D. The "Amended Complaint" alleges that KTCI is a South Korean company that serves as "the locus of control and nexus of decision making for Kumho Tire's global interests." *See* Exhibit D, para. 6.

On July 30, 2019, the cases brought by the Shield Plaintiffs and by the Zurich Plaintiffs were consolidated. *See* ECF No. 23.

On October 2, 2019, KTCI received a registered mail package from counsel for the Shield Plaintiffs. *See* Exhibit E. The package included the Summons and "Amended Complaint." *See* Exhibit E.

**JURISDICTIONAL FACTS**

The Amended Complaint asserts that KTCI is a "South Korean Corporate body." *See* Exhibit D, para. 6.[2] The Amended Complaint further avers that KTCI is the "locus of control" and "nexus of decision making" for Kumho Tire (a name the Amended Complaint does not define or identify further). *See id.* The Amended Complaint repeats the allegations made in the original Complaint that the subject tire was designed, manufactured, assembled and distributed by KTUSA. *See* Exhibit D, para. 7. The Amended Complaint avers no act at all by KTCI, much less any act relating to the subject tire or directed to South Dakota. *See* Exhibit D.

---

[2] KTCI designates as Exhibit F an Affidavit attesting to the cited facts. KTCI will supplement the filing of this motion with the signed Affidavit.

4

**ARGUMENT**

I. **THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(4) AS THE SHIELD PLAINTIFFS FAILED TO OBTAIN LEAVE OF COURT BEFORE FILING IT.**

The Shield Plaintiffs never obtained leave of court to file an Amended Complaint, as required by Fed. R. Civ. P. 15(a). The Amended Complaint should, therefore, be stricken pursuant to Fed. R. Civ. P. 12(b)(4). At the very least, it cannot serve as the basis for haling KTCI into court.

Fed. R. Civ. P. 12(b)(4) allows challenges to the form of process, rather than the manner or method of its service. *See PCM Sales, Inc. v. Quadbridge, Inc.,* 2016 U.S. Dist. LEXIS 13042 (N.D. Texas 2016), *quoting*, 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004). A motion brought pursuant to Rule 12(b)(4) is proper to challenge noncompliance with the provisions of Fed. R. Civ. P. 4(b) or any provision that deals specifically with the content of the summons being served. *See id.; Allied Home Mortgage Capital v. Belli*, 2012 U.S. Dist. LEXIS 103345 (D. Mass. 2012). In response to a motion to dismiss brought under Fed. R. Civ. P. 12(b)(4), the plaintiff must establish *prima facie* evidence of the validity of process. *Id.* at *11-12. Where the summons or pleading being served are improper, then, Rule 12(b)(4) requires that they be quashed.

An amended complaint filed more than twenty-one days after service of a responsive pleading, without consent, and without leave of court is improper. Fed. R. Civ. P. 15(a)(1) allows one amendment as a matter of course within twenty-one days of serving the original pleading or within twenty-one days of service of a responsive pleading. Otherwise, the party may amend its pleading only upon consent of the opposing party or leave of court. *See Duffield v. MPC Pipelines, Inc.*, 2017 U.S. Dist. LEXIS 3398 *19-20 (S.D. 2017) (Viken, J.); *Greeley v. Walters*, 2011 LEXIS 28917 *3 (S.D. 2011) (Viken, J.); Fed. R. Civ. P. 15(a)(2). Requiring a motion to amend allows

the District Court to ensure that the proposed amendment is not futile, does not cause undue delay or unfair prejudice, or is otherwise improper. *See Silva v. Metro. Life Ins. Co.*, 762 F. 3d 711, 719 (8th Cir. 2014). When plaintiffs do not request a chance to amend, it is not error to dismiss the putative amended pleading. *See Duffield,* 2017 U.S. Dist. 3398 at *20, *citing, Freeman v. Bechtel Const. Co.,* 87 F.3d 1029, 1032 (8th Cir. 1996). Simply, an amended complaint filed in disregard of Rule 15(a) should be dismissed.

Here, the putative Amended Complaint was filed in disregard of Rule 15(a). The Shield Plaintiffs filed their original Complaint on June 1, 2018. *See* Exhibit A. KTUSA filed an Answer to the Complaint on July 20, 2018. *See* Exhibit B. Kumho Tire Merger filed an Answer to the Complaint on August 28, 2018. *See* ECF No. 18. Counsel for the Shield Plaintiffs not only failed to obtain the written consent of either defendant, but never even asked. And of course, no motion seeking leave to amend was filed.

As counsel for the Shield Plaintiffs filed no motion for leave to amend, the court never had the chance to consider the propriety of the amendments. For example, South Dakota has established a three-year limitations period for claims relating to product liability. *See* S.D.C.L. 15-2-12.2. A plaintiff is required to complete service on the defendant within three years of the date of injury. *See Thach v. Tiger Corp.*, 2009 U.S. Dist. LEXIS 59948 * 4 (S.D. 2009). Service on KTCI in Korea could not possibly have been completed in accordance with the statute of limitations, as the Amended Complaint was filed only five days before the statute of limitations expired. *See* Exhibit D. As the Court never had the opportunity to consider this argument or others that may have established the futility of the amendment, filing the Amended Complaint without leave of court violated Rule 15(a) and obviously prejudices KTCI *per se*. The Court should strike or quash the Amended Complaint as improper.

6

## II. SERVICE BY MAIL ON A SOUTH KOREAN COMPANY IS IMPROPER AND INVALID.

Even if the Amended Complaint were valid, the Republic of Korea has objected to service of original process on its citizens by mail pursuant to the Hague Service Convention. The Shield Plaintiffs' effort to serve KTCI by registered mail, therefore, violates Fed. R. Civ. P. 4(f). Service is ineffective, cannot establish jurisdiction over KTCI and should be quashed.

In 1965, various nations including the United States became signatories to a treaty entitled the "Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters" (hereinafter "The Hague Service Convention"). *See* T.I.A.S. No. 6638, 20 U.S.T. 361 (1965). The Hague Service Convention applies in all cases where there is occasion to transmit a judicial document for service abroad. *Id*. at Article 1. The section of central importance states: "[p]rovided the state of designation does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents by postal channels, directly to persons abroad. . . ." *See* Hague Service Convention at Article 10(a).

While Article 10 encompasses service by mail, it does not affirmatively *authorize* service by mail. *See Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017). Accordingly, service by mail is not permissible where a signatory to The Hague Service Convention objects to it. *See id.* Where a signatory to the Hague Convention objects to service by mail, a request for service to its central authority is the exclusive means permitted by the Federal Rules of Civil Procedure for service of process. *See Nagy v. Naday,* 2019 U.S. Dist. LEXIS 17052 *2 (Mass. 2019).

Here, KTCI exists under the laws of the Republic of Korea and has a principal place of business in the Republic of Korea. *See* Exhibit D. The Republic of Korea adopted The Hague Service Convention in January 2000 and noted its objection to the use of postal channels to serve Koreans by mail. *See* Exhibit G (itemizing the Republic of Korea's specific objections to The

7

Hague Service Convention).[3] Simply, service of original process by any form of mail on a Korean citizen or company is invalid.

Despite the Republic of Korea's objection to service under Article 10(a) of The Hague Service Convention, the Shield Plaintiffs have attempted to serve KTCI by registered mail. *See* Exhibit E. This method of service violates both Fed. R. Civ. P. 4(f) and The Hague Service Convention. Accordingly, the Court should quash the service attempt.

### III.  PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER KTCI IN THIS CASE.

Going back to the Supreme Court's seminal decision in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), courts have recognized two types of personal jurisdiction: general jurisdiction (also referred to as "all-purpose" jurisdiction), and specific jurisdiction (also referred to as "case-linked" jurisdiction). *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 17731780-81 (2017). For the Court to exercise personal jurisdiction over KTCI in this case, the Shield Plaintiffs must establish either: (a) that KTCI's contacts with the State of South Dakota are so "continuous and systematic" as to render it essentially "at home" in the State and subject it to general jurisdiction, or (b) that the Shield Plaintiffs' claims arise from some local activity or conduct connected to or leading to this lawsuit by KTCI sufficient to warrant the exercise of specific jurisdiction. The Shield Plaintiffs can show neither. As personal jurisdiction over KTCI does not exist, the Shield Plaintiffs' claims against KTCI should be dismissed.[4]

---

[3]   Available at https://www.hcch.net/en/states/authorities/details3/?aid=262 and
      https://www.hcch.net/en/states/authorities/notifications/?csid=408&disp=resdn
      (last visited October 23, 2019).

[4] Where a defendant challenges in this Circuit a court's personal jurisdiction, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state are    sufficient. *See Miller v. Nippon Carbon Co.,* 528 F.3d 1087, 1089 (8th Cir. 2008). In evaluating a defendant's motion to dismiss on personal jurisdiction grounds, the Court may consider affidavits from a defendant    setting forth facts that demonstrate lack of contacts  with the state. *See id.*

8

### A. KTCI Is Not Present In South Dakota And Is Not Subject To General Jurisdiction Here.

KTCI is not subject to general jurisdiction in South Dakota because the "Amended Complaint" fails to aver the continuous and systematic contacts necessary to render it "at home" in South Dakota. A corporation may only be subject to jurisdiction where it is incorporated, where it has its principal place of business, or where its contacts with the State are "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). To establish general jurisdiction, the Shield Plaintiffs would need to establish that KTCI's contacts with South Dakota are sufficient to render it "at home" here.

But the "Amended Complaint" does not allege facts sufficient to subject KTCI to general jurisdiction in South Dakota. To the contrary, the "Amended Complaint" avers that KTCI is a "South Korean Corporate body." *See* Exhibit D, para. 6. While alleging the South Korean Corporate body" is the "locus of control and nexus of decision making," the "Amended Complaint" asserts no facts identifying any basis for finding general jurisdiction.

To the contrary, KTCI does *not* have contacts with South Dakota sufficient to subject it to general jurisdiction here. *See* Exhibit F. KTCI is not, and has never been, a resident of South Dakota. *See* Exhibit F. It has never done business here. *See id.* No indicia of being "at home" in South Dakota exist. *See id.* Simply, general jurisdiction over KTCI in South Dakota is impossible.

### B. KTCI Is Not Subject To Specific Jurisdiction In South Dakota In This Case.

With no possibility of general jurisdiction, the Shield Plaintiffs must allege sufficient facts to establish specific jurisdiction over KTCI. As the Amended Complaint avers *no* facts of any act of KTCI, much less any act directed to South Dakota, specific jurisdiction does not exist and the claims against KTCI should be dismissed.

Specific jurisdiction encompasses only those "cases in which the suit arise[s] out of or relate[s] to the defendant's contacts with the forum." *Daimler*, 134 S. Ct. at 748-9. "[T]here must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co*. 137 S. Ct. at 1780, *quoting, Goodyear*, 564 U.S. at 919. In other words, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb*, 137 S. Ct. at 1780.

In *Bristol-Myers Squibb*, the United States Supreme Court dismissed the claims of non-California residents where "all the conduct giving rise to the non-residents' claims occurred elsewhere." *Id*. at 1782. Although Bristol-Myers Squibb engaged in many business activities in California, none of the activities had anything to do with the non-resident plaintiffs directly. *Id*. at 1778. None of the nonresident plaintiffs alleged that they received Plavix from a California source, that they were injured in California, or that they were treated for any injuries in California. *Id*. What was needed – but missing - was "a connection between the forum and the specific claims at issue." *Id*. at 1781 (emphasis in original). For a court to exercise specific jurisdiction, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Id*., *quoting*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Absent such a connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state. *Bristol-Myers Squibb*, 137 S. Ct. at 1781; *see also Goodyear*, 564 U.S. at 1931 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."). Applying specific jurisdiction under these circumstances (based

on a defendant's unrelated activities in the forum) would result in a "loose and spurious form of general jurisdiction." *Id*.

Other District Courts in this Circuit have relied on *Bristol-Myers Squibb* to reach the same conclusion. *See Fullerton v. Smith & Nephew, Inc.*, 2019 U.S. Dist. LEXIS 77350 (E.D. Mo. 2019); *Mitchell v. Depuy Orthopaedics, Inc.,* 2019 U.S. Dist. LEXIS 92621 (W.D. Mo. 2019); *Derkach v. Postell Assocs.*, 2019 U.S. Dist. LEXIS 94170 (D. Neb. 2019). In *Fullerton*, for example, a Missouri resident sued when an allegedly defective medical device failed. *Id.* at *2. The device was manufactured in Tennessee, shipped to South Dakota, sold in South Dakota and implanted in South Dakota. *Id.* at *10. That the defendant marketed products nationwide and sold many products in Missouri could not establish specific jurisdiction, as those acts did not connect to this plaintiff's injury. *See id.* at *9-10. While the alleged results of the defendant's conduct – the failure of the device and resulting corrective surgeries – manifested in Missouri, the case-related conduct itself occurred outside Missouri and specific jurisdiction did not exist.

Other Circuit Courts of Appeals agree that specific jurisdiction cannot exist where the defendant's case-related conduct occurs out of state. *See SPV OSUS, Ltd. v. UBS AG,* 882 F.2d 333 (2d Cir. 2018) (communications with and payments to New York per the terms of a contract to which the plaintiff was not a party do not establish specific jurisdiction); *PTA-FLA, Inc. v. ZTE Corp.,* 715 Fed. Appx. 237 (4th Cir. 2017) (no case-related contacts exist where plaintiff claims a breach of contracts to ship base stations to other states); *Gulf Coast Bank & Trust Co. v. Designed Conveyor Sys., L.L.C.,* 717 Fed. Appx. 394 (5th Cir. 2017); (sending payment to Louisiana and other general contacts insufficient to establish specific jurisdiction in Louisiana); *Peters v. Sloan*, 762 Fed. Appx. 344 (7th Cir. 2019) (general activities of a nationwide bank do not establish specific jurisdiction over claims the bank's out of state agents improperly foreclosed on plaintiff's home);

*Matus v. Premium Nutraceuticals, LLC*, 715 Fed. Appx. 662 (9th Cir. 2018) (absent evidence product was sold in California, specific jurisdiction does not exist). Simply, the sale and distribution of a product out of state confers no specific jurisdiction in-state.

Here, the "Amended Complaint" avers no facts of any act by KTCI whatsoever. *See* Exhibit D. To the contrary, the "Amended Complaint" uses the term "Kumho" to refer only to Kumho Tire U.S.A., Inc. *See* Exhibit D, para. 5. The *only* substantive averment relevant at all to KTCI is the allegation that it serves as the "locus of control" and "nexus of decision making" for KTUSA. *See* Exhibit D, para. 6. As the "Amended Complaint" avers that KTCI operates in Korea, only "control" or "decision making" in Korea are implicated. *See* Exhibit D. By no means does the Amended Complaint identify any facts indicating KTCI took or targeted any action to South Dakota. Specific jurisdiction over KTCI cannot exist.

## **CONCLUSION**

For the reasons cited herein, Defendant Kumho Tire Co., Inc. respectfully requests that this Honorable Court dismiss the Shield Plaintiffs' "Amended Complaint" pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4) and 12(b)(5).

Dated this 23rd day of October 2019.

        **BANTZ, GOSCH & CREMER, L.L.C.**

        *Rory King*
        Attorneys for Defendant Kumho Tire Co., Inc.
        305 Sixth Avenue S.E.
        P.O. Box 970
        Aberdeen, SD 57402-0970
        605-225-2232
        605-225-2497 (fax)
        rking@bantzlaw.com