UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BRIGITTE JAHNER, as personal representative of the Estate of Robert Bear Shield, JERRY BEAR SHIELD SR., JERRY BEAR SHIELD JR., JAYDEE SPOTTED ELK, AMERICAN ZURICH INSURANCE COMPANY and HEAVY CONSTRUCTORS INC., <br><br> Plaintiffs, <br><br> v. <br><br> KUMHO TIRE U.S.A., INC., KUMHO TIRE MERGER SUBSIDIARY, INC., KUMHO TIRE CO. INC., and KUMHO TIRE (VIETNAM) CO., LTD., <br><br> Defendants. | Case No. 18-5036-JLV <br><br><br> **PROTECTIVE ORDER** |

On January 6, 2020, Plaintiffs American Zurich Insurance Company and Heavy Constructors, Inc. together with Defendants Kumho Tire U.S.A., Inc. and Kumho Tire Merger Subsidiary, Inc., by and through their respective counsel, filed a Joint Motion for Protective Order ("Motion") in the above-captioned matter.

This Court has considered the Motion and finds the requested Protective Order to be consistent with the purposes of Fed. R. Civ. P. 26(c).

Therefore, IT IS HEREBY ORDERED as follows:

1. Each party may designate as CONFIDENTIAL INFORMATION any trade secret or other information believed in good faith by the designating Party to be proprietary or confidential research, development, or commercial information, medical information or

other confidential information.

2. This Order shall apply to information, documents (including photographs, drawings, films, videotapes, records, or other writings), other materials, and certain discovery responses and testimony (including at trial, by deposition or by affidavit), as defined by the Federal Rules of Civil Procedure to be produced in the lawsuit entitled *Brigitte Jahner, as personal representative of the Estate of Robert Bear Shield, Jerry Bear Shield Sr., Jerry Bear Shield Jr., Jaydee Spotted Elk, American Zurich Insurance Company and Heavy Constructors, Inc. v. Kumho Tire U.S.A., Inc., Kumho Tire Merger Subsidiary, Inc. and Kumho Tire Co., Inc.*, pending in the United States District Court for the District of South Dakota, Western Division, Case No. 18-5036-JLV (the "Lawsuit"), and any other material or information hereafter furnished by or on behalf of any party or any person associated with any party in connection with the Lawsuit that produced documents, information, material or testimony (including at trial, by deposition or by affidavit), containing or designated as CONFIDENTIAL INFORMATION in accordance with the procedures set forth herein.

3. For purposes of this Order, CONFIDENTIAL INFORMATION may include or be included in any document, physical object, tangible thing or the factual knowledge of persons, such as by way of example and not by limitation, recorded statements of counsel, transcripts, pleadings, motions, briefs, exhibits, affidavits, or any other submission by any party that is filed with the Court, answers to interrogatories and other responses to discovery requests, drawings, compositions, devices, company records and reports, summaries, notes, abstracts and any other instrument which contains CONFIDENTIAL INFORMATION.

CONFIDENTIAL INFORMATION includes information that constitutes trade secrets or other confidential research, development or proprietary business information that (a) is not generally available to others, (b) is not readily determinable from other sources, (c) has been treated as confidential by any party, and (d) is reasonably likely to lead to competitive injury if disclosed. CONFIDENTIAL INFORMATION shall also include any medical information pertaining to the named Plaintiffs, Plaintiffs' insureds or Decedent Robert Bear Shield including, but not limited to, medical information received from medical reports or medical records. The parties shall use good faith in marking as CONFIDENTIAL INFORMATION only those documents that contain confidential information.

4. Any information or documents produced at any time, either voluntarily or pursuant to order, orally or in writing in this Litigation, which is asserted by any party to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by that party in writing as follows:

- A. Documents and things shall be clearly and prominently marked on their face and following pages of the document with the legend: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" in an area that does not impede the visibility of the content of the document produced;

- B. In the event any Party creates a computer database, disk, compact disk, drive, digital or other electronic record containing CONFIDENTIAL INFORMATION, the Party creating such an electronic record shall mark the case or envelope containing the material as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Documents printed from such electronic media shall be marked the same as documents originally produced on paper and shall be accorded the same status of confidentiality as the underlying CONFIDENTIAL INFORMATION from which they are made and shall be subject to all of the terms of this Order.

- C. If such CONFIDENTIAL INFORMATION is contained or given in any

  deposition testimony, trial testimony or any other testimony, the transcript or portions thereof may be designated as containing CONFIDENTIAL INFORMATION in accordance with this Order by notifying the parties on the record at the time the testimony is given, or in writing within thirty (30) days of receipt of the transcript, and by specifying the specific pages and lines of the transcript which, based on a good faith determination, contain CONFIDENTIAL INFORMATION as defined herein. To the extent possible, any portions so designated shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" Any videotapes of depositions containing CONFIDENTIAL INFORMATION shall be clearly marked "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" on the outside of the tape cartridge or DVD case. Until expiration of the above thirty (30) day period, all transcripts and information therein will be deemed CONFIDENTIAL INFORMATION; subject to the terms of this Order.

By designating any information, document, or other material as CONFIDENTIAL INFORMATION under this Order, a Party represents that it has made a bona fide, good faith determination that the document does, in fact, contain CONFIDENTIAL INFORMATION as defined herein.

  5. CONFIDENTIAL INFORMATION includes the portion of any notes, lists, memoranda, indices, compilations, videos, models, testing, electronically stored information, reports, records, medical reports, medical records and documents (including pre-trial court papers), that are prepared from, contain any information obtained from, quote from, summarize, comment upon, or refer to CONFIDENTIAL INFORMATION with such specificity that the CONFIDENTIAL INFORMATION can be identified, or by reasonable logical extension can be identified, shall be treated as CONFIDENTIAL INFORMATION under this Order.

  6. The restrictions upon, and obligations accruing to, persons who become subject to this Order shall not apply to any information produced in accordance with this

Order as to which this Court or another court having jurisdiction over the production of information for this matter rules, after proper notice and hearing, that such information is not CONFIDENTIAL INFORMATION as defined in Paragraph 1 hereof.

7. All CONFIDENTIAL INFORMATION filed with the Court, including all depositions, or any portion or portions of depositions which contain(s) CONFIDENTIAL INFORMATION, and all papers (including affidavits and memoranda of law) purporting to reflect CONFIDENTIAL INFORMATION shall be filed conditionally under seal, following the procedures set forth under F.R.C.P. Rule 5.2. The party seeking to limit the disclosure of the information shall be required to file a Motion to Seal following the procedures set forth in the same rule.

8. CONFIDENTIAL INFORMATION shall be held in confidence and may be shown, disseminated or disclosed only to the following persons:

> A. The Court, its staff, witnesses and jury in this Lawsuit or any other court having jurisdiction over discovery procedure in this Lawsuit;
>
> B. A deponent in this Lawsuit, during the course of his or her examination, who is a current or former employee of any of the parties, or is an author, addressee, or other recipient of such material;
>
> C. All attorneys of record for the parties in this Lawsuit retained in or working on the prosecution, defense, appeal or settlement of this Lawsuit, and the employees of such counsel assigned to assist them, and any other attorney or their employees associated to assist in the preparation of this Lawsuit for trial;
>
> D. The parties or their employees in this Lawsuit;
>
> E. Any experts or consultants used or retained by counsel for the preparation or trial of this Lawsuit to aid in the prosecution, defense, appeal or settlement of this Lawsuit. Prior to receiving any information designated CONFIDENTIAL INFORMATION, any such expert must first be shown a copy of this Order and must sign a declaration in the

form of Exhibit "A." Such declaration shall be retained by counsel for the receiving party until the ultimate and final outcome of the Litigation. Upon the ultimate and final outcome of the Litigation, the signed declarations must be provided by counsel for the receiving party to counsel for the producing party within thirty (30) days. In the event that a consulting expert of the receiving party receives CONFIDENTIAL INFORMATION, but is not later designated as a testifying expert, counsel for receiving party may redact that consulting expert's identity before providing the signed declaration to counsel for producing party following the ultimate and final outcome of the case. Counsel for receiving party must retain the identity of the non-designated testifying expert for the duration of its document retention policy;

F.  Such other persons in this Lawsuit as may be subsequently designated either by written agreement of the Parties after a request by one of them, or by order of the Court upon motion of any Party, after notice to the opposing Party; and

G.  Translators retained by the Parties for the preparation or trial of this Lawsuit.

9. Before being given access to CONFIDENTIAL INFORMATION, each person described in paragraphs 8B., D., E., F., or G. shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by its terms and to submit to the jurisdiction of this Court, pursuant to execution of Exhibit "A" to this Order. No person to whom CONFIDENTIAL INFORMATION is disclosed pursuant to the provisions of this Order shall disclose such information in any form, in whole or in part, to any person not entitled to receive them under the terms of this Order, without the prior written consent of the party to whom the records apply or its attorneys of record in this Litigation

10. Attendance at a deposition at which CONFIDENTIAL INFORMATION is disclosed or discussed shall be limited to persons authorized to receive such information pursuant to the provisions of Paragraph 8, except for court reporters, videographers and/or

interpreters. The presence of court reporters, videographers and/or interpreters does not waive any of the terms of this Order. CONFIDENTIAL INFORMATION, and any copies thereof, may be disclosed to deponents during the course of their preparation for, and the taking of, their depositions in this Litigation; however, prior to the disclosure of such materials to a deponent, the attorney making the disclosure shall advise the deponent to whom the material or information contained therein are to be disclosed that, pursuant to this Order, such deponent may not divulge any such materials or information contained therein to any other person, firm or corporation. The deponent shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by its terms and to submit to the jurisdiction of this Court, pursuant to execution of Exhibit "A" to this Order.

11. All CONFIDENTIAL INFORMATION produced in accordance with the provisions of this Order shall be used by the recipient solely for purposes of this Lawsuit by the recipient. The recipient shall use all CONFIDENTIAL INFORMATION only in prosecuting or defending this Lawsuit, in testimony and exhibits at the trial and appeal of this Lawsuit, or in connection with motions, depositions or witnesses preparation subject to the restrictions of this Order, but such use shall not include, *inter alia*, use for or in connection with any commercial activity, including but not limited to research, development, manufacture, sale or marketing of any product (including without limitation software), process, or service, or for purposes of publicity, or in any other legal proceeding.

12. If the Court orders that access to or dissemination of information submitted as CONFIDENTIAL INFORMATION shall be made to persons other than those identified in

Paragraph 8 above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to this Order, unless the Court orders that the information is not CONFIDENTIAL INFORMATION as defined by Paragraph 1 hereof.

13. Any Party to this Order may challenge the propriety of any designation of material as "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER." To the extent any receiving Party disagrees with such designation, the receiving Party's counsel shall advise the producing Party's counsel in writing. The Parties agree to meet and confer regarding the disagreement in good faith. In the absence of an agreement, a Party may bring a motion to the Court, which shall decide the issue. If such a motion is filed, the materials at issue in the motion shall be treated as CONFIDENTIAL INFORMATION subject to the terms of this Order until the Court's ruling on the motion. The Court may raise the issue of designation of information as confidential without any request from a party. All materials will be filed conditionally under seal, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this Lawsuit, until the Court has decided on the propriety of such designation. The parties may move for an *in camera* inspection in lieu of filing the documents conditionally under seal.

14. Counsel in this litigation shall return or destroy all copies of CONFIDENTIAL INFORMATION within thirty (30) days of the end of this Lawsuit and provide a sworn affidavit, EXHIBIT "B", confirming the return or destruction of all CONFIDENTIAL INFORMATION produced, including all copies, translations, indices, transcripts, rendering,

photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind of such CONFIDENTIAL INFORMATION, whether in the possession of said counsel or in the possession of each person described in Paragraphs 8A., B., D., E., F., and G. to whom counsel in this Lawsuit provided CONFIDENTIAL INFORMATION.

15. A party may produce for inspection documents or things containing CONFIDENTIAL INFORMATION that are inadvertently not marked or designated in accordance with Paragraph 4 above. A party may, within thirty (30) days of disclosure, mark or designate such documents or copies of those documents containing CONFIDENTIAL INFORMATION in accordance with Paragraph 4.

16. Any party may apply to the Court for the imposition of further limitations upon the disclosure of specific information if such party deems further limitations are required in specific instances, including designating documents to be maintained by counsel only, and reviewed while in counsel's possession. The burden of establishing further limitations is on the producing party.

17. Nothing in this Protective Order shall preclude any party from using or disclosing either: (a) their own documents or information; or (b) documents or information that they have obtained from any source other than a producing Party in this action.

18. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Freedom of Information Act, Federal Rules of Civil Procedure, or the attorney-client privilege or attorney work product doctrines.

19. This Order may be modified or amended only by: (a) written agreement of all

parties and an accompanying order to the Court; or (b) by order of the Court obtained by application or motion.

20. The provisions of this Order shall apply to any materials produced in connection with this action before, on and after the date that this protective order is entered.

21. No partial invalidity of this Order shall affect the remainder, which remainder shall continue with full force and effect, the invalid portion being severed.

22. This Court shall retain jurisdiction of all matters pertaining to this Order, and all parties to this case are deemed to submit to the jurisdiction of this Court for matters relating to the enforcement of this Order. This Order shall survive the final conclusion of this Lawsuit and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order.

DATED this 7th day of January, 2020.

BY THE COURT:

~~JEFFREY L. VIKEN~~ VERONICA L. DUFFY
United States ~~District~~ Magistrate Judge