UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THE ESTATE OF ROBERT BEAR SHIELD; JERRY BEAR SHIELD, SR., JERRY BEAR SHIELD, JR., JAYDEE SPOTTED ELK, AMERICAN ZURICH INSURANCE COMPANY, BROUGHT IN FROM 19-5044 WHEN CASES WERE CONSOLIDATED; AND HEAVY CONSTRUCTORS INC., BROUGHT IN FROM 19-5044 WHEN CASES WERE CONSOLIDATED;<br><br>              Plaintiffs,<br><br>  vs.<br><br>KUMHO TIRE U.S.A., INC., KUMHO TIRE MERGER SUBSIDIARY, INC., KUMHO TIRE CO. INC., KUMHO TIRE (VIETNAM) CO., LTD., BROUGHT IN FROM 19-5044 WHEN CASES WERE CONSOLIDATED;<br><br>              Defendants. | 5:18-CV-05036-JLV<br><br><br><br>ORDER DENYING THE BEAR SHIELD PLAINTIFFS' MOTION TO AMEND<br><br>Docket No. 42 |

**INTRODUCTION**

    This matter represents the consolidation of two separate civil cases involving products liability-related claims arising out of the same automobile accident, allegedly caused by the malfunction of a truck tire. Now pending is a motion to amend their complaint by plaintiffs Brigitte Jahner, as personal representative of the estate of Robert Bear Shield; Jerry Bear Shield, Sr.; Jerry

Bear Shield, Jr.; and Jaydee Spotted Elk (collectively "the Bear Shield plaintiffs"). See Docket No. 42. This matter was referred to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, then-Chief United States District Judge. See Docket No. 43.

**FACTS**

This case represents two consolidated cases arising out of the same automobile accident due to an allegedly defective tire. In civil number 18-5036 the Bear Shield plaintiffs sought damages in their original complaint on theories of negligence, strict products liability, breach of warranty, wrongful death, and negligent and intentional infliction of emotional distress. See Docket No. 1. These individual plaintiffs originally sued only Kumho Tire U.S.A., Inc. and Kumho Tire Merger Subsidiary, Inc. as defendants. Id.

Individual plaintiffs filed their original complaint on June 1, 2018. Kumho Tire U.S.A., Inc. filed an answer on July 20, 2018 (Docket No. 6), after which a scheduling order was issued by the district court (Docket No. 16). Defendant Kumho Tire Merger Subsidiary, Inc. filed an answer the next day on August 28, 2018. See Docket No. 18.

Nearly a year later, individual plaintiffs simply filed an "amended complaint" without a motion, stipulation by the parties, or leave of the court. See Docket No. 21. The individual plaintiffs' amended complaint purported to add "Kumho Tire, Company, Inc., a South Korean Corporation" (hereinafter "KTCI"), as a new defendant. Id. KTCI moved to dismiss the Bear Shield

plaintiffs' amended complaint because the Bear Shield plaintiffs never made a motion to amend their complaint as required by FED. R. CIV. P. 15(a)(2). This court recommended granting KTCI's motion to dismiss and no party has objected to that recommendation. See Docket No. 37.

The Bear Shield plaintiffs then filed a motion to amend their complaint. See Docket No. 42. The motion reads in its entirety as follows: "COMES NOW [Bear Shield plaintiffs] and hereby moves the Court for leave to file Plaintiff's [sic] Second Amended Complaint, pursuant to Fed. R. Civ. P. 15 and DSD L.R. 15.1. A copy of Plaintiffs' proposed Second Amended Complaint is attached hereto." See Docket No. 42 at p. 1. The Bear Shield plaintiffs attached a copy of their proposed amended complaint. See Docket No. 42-1. No memorandum of law in support of the motion was filed.

Defendants Kumho Tire USA, Inc. and Kumho Tire Merger Subsidiary, Inc. respond in opposition to the Bear Shield plaintiffs' motion to amend. See Docket No. 51. These defendants point out, among other arguments, that a brief in support of any substantive motion is required by local rules and the Bear Shield plaintiffs' motion does not comply with local rules in this regard. Id.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs amendments to plaintiffs' complaint. That rule provides in pertinent part as follows:

3

**(a) Amendments Before Trial.**

> **(1) *Amending as a Matter of Course*.** A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) *Other Amendments*.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

See FED. R. CIV. P. 15(a)(1) & (2).

As the court pointed out in recommending dismissal of the Bear Shield plaintiffs' prior attempt to amend, Rule 15—at this procedural juncture of the case—requires plaintiffs to seek permission from the court before amending their complaint. Id. at (a)(2).

Local Rule 7.1 states that for "every motion raising a question of law . . . the movant must serve and file a brief containing the movant's legal arguments, the authorities in support thereof, and the Federal Rule of Civil Procedure on which the movant relies." See DSD L.R. 7.1B. Thus, the Bear Shield plaintiffs' failure to file a memorandum of law with their motion is out of compliance with local rule.

Defendants pointed out this irregularity in their opposition to the motion to amend. Thereafter, as set forth in Rule 7.1, the Bear Shield plaintiffs had a right to file a reply on their motion within 14 days. They could have cured the

4

deficiency pointed out by defendants in their reply by filing a memorandum of law in support of their motion after the fact. They did not cure the deficiency then either.

Furthermore, although the Bear Shield plaintiffs are not proceeding *pro se*, but are represented by counsel, the court—in an attempt to give liberal construction to what counsel is trying to do—re-examined both the Bear Shield plaintiffs' prior "amended complaint," which was never really on file because it was not preceded by a motion, and the Bear Shield plaintiffs' prior briefing on defendants' motion to dismiss their prior "amended complaint." See Docket No. 21 & 35. The court sought to find legal authority and support for the Bear Shield plaintiffs' present motion in those prior filings.

No support for the Bear Shield plaintiffs' present motion can be gleaned from the prior filings. The prior "amended complaint" is different in significant respects from the currently proffered "second amended complaint." For example, the prior "amended complaint" did not name Kumho Tire Vietnam Co., Ltd. as a proposed new defendant while the "second amended complaint" does. Compare Docket No. 21 at p. 1, with Docket No. 42-1 at p.1. There are 15 new paragraphs in the "second amended complaint" (see ¶¶ 7-20, 24) that do not appear in the "amended complaint" at all. Compare Docket No. 21 at p. 2, with Docket No. 42-1 at pp. 2-4. Finally, the Bear Shield plaintiffs have substantially revised the substance of the claims they are asserting as between the "amended complaint" and the "second amended complaint." Compare Docket No. 21 at pp. 4-8, with Docket No. 42-1 at pp. 7-14. Therefore,

although the Bear Shield plaintiffs' prior brief in opposition to defendants' motion to dismiss addresses the law applicable to motions to amend under Rule 15, that prior memorandum of law does *not* address any of the proposed changes between the "complaint," the "amended complaint" and the "second amended complaint." See Docket No. 35.  The Bear Shield plaintiffs' prior briefing at Docket No. 35 cannot substitute as a brief in support of *this* motion to amend at Docket No. 42 because the arguments and authorities discussed in the prior brief are being applied to *different facts*—a substantially different proposed amended pleading.

Defendants argue the motion to amend should not be granted as to the "second amended complaint" because there is no personal jurisdiction over Kumho Tire Vietnam Co., Ltd. and because the statute of limitations has run and the amendments adding the new defendants does not "relate back" to the date of the original complaint.  See Docket No. 51.  Because plaintiffs have filed no memorandum of law in support of their motion—either at the time of making the motion or after defendants pointed out this deficiency—the court has no idea what the Bear Shield plaintiffs' response would be to defendants' arguments.

The standard for granting a motion to amend a complaint is indeed lenient.  Plymouth Cty., Iowa v. Merscorp, Inc., 774 F.3d 1155, 1160 (8th Cir. 2014).  But here, by citing to *no* legal authority whatsoever other than the bare mention of "Rule 15," and by failing to discuss the facts—the changes that would be wrought by the "second amended complaint"—the Bear Shield

plaintiffs fail to demonstrate that their amendment should be allowed. The burden is on the party opposing amendment to show some reason exists to deny leave to amend. Roberson v. Hayti Police Dep't., 241 F.3d 992, 995 (8th Cir. 2001); Sanders v. Clemco Indus., 823 F.2d 214 (8th Cir. 1987). Here, defendants have made a *prima facie* showing of valid reasons not to allow the amendment. Again, by never filing a memorandum of law at any time, the Bear Shield plaintiffs have failed to refute those reasons.

The court strongly encourages counsel for the Bear Shield plaintiffs to *read* and *become familiar with* this court's Local Rules of Civil Practice and the Federal Rules of Civil Procedure. Counsel cannot purport to represent clients in civil litigation without knowing these rules. Furthermore, repeated failure to cure deficiencies is one reason upon which the court may deny a motion to amend a pleading. Roberson, 241 F.3d at 995. The court may allow the Bear Shield plaintiffs a third bite at the apple of trying to amend their complaint, but they should not count on an indefinite number of tries to "get it right."

## CONCLUSION

Based on the foregoing law, facts, and analysis, the court hereby

DENIES the Bear Shield plaintiffs' motion to amend their complaint [Docket No. 42]. This order is without prejudice to plaintiffs' ability to file a new motion to amend that is in compliance with the rules and the law.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly

7

erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 9th day of January, 2020.

BY THE COURT:

*/s/ Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge