UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THE ESTATE OF ROBERT BEAR SHIELD; JERRY BEAR SHIELD,SR.; JERRY BEAR SHIELD, JR.; JAYDEE SPOTTED ELK; AMERICAN ZURICH INSURANCE COMPANY; AND HEAVY CONSTRUCTORS INC.;<br><br>Plaintiffs,<br><br>vs.<br><br>KUMHO TIRE U.S.A., INC.; KUMHO TIRE MERGER SUBSIDIARY, INC.; KUMHO TIRE CO. INC.; KUMHO TIRE (VIETNAM) CO., LTD.;<br><br>Defendants. | 5:18-CV-05036-JLV<br><br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL<br><br>Docket No. 61 |

**INTRODUCTION**

This matter is pending before the court on a complaint filed by plaintiffs the estate of Robert Bear Shield; Jerry Bear Shield, Senior; Jerry Bear Shield, Junior; and Jaydee Spotted Elk (hereinafter collectively "Bear Shield plaintiffs"). See Docket No. 1.[1] Defendants have filed a motion to compel the Bear Shield plaintiffs to respond to their discovery requests. See Docket

---

[1] A separate complaint was filed by plaintiffs American Zurich Insurance Company and Heavy Constructors, Inc. The two cases involve claims arising out of the same motor vehicle accident and were therefore consolidated into this one combined case. Plaintiffs American Zurich and Heavy Constructors are not involved in the present motion.

No. 61. The Bear Shield plaintiffs did not respond to the motion. The district judge, the Honorable Jeffrey L. Viken, referred defendants' motion to this magistrate judge for a decision pursuant to 28 U.S.C. § 636(b)(1)(A) and the court's October 16, 2014, standing order. See Docket No. 65.

## FACTS

The undisputed facts asserted by defendants in their motion are that defendants served the Bear Shield plaintiffs with interrogatories and requests for the production of documents on July 26, 2019. Responses to these discovery requests were due within 30 days. The Bear Shield plaintiffs provided no responses, then or ever, despite multiple inquiries by defendants and plaintiffs' counsel's representation on October 30, 2019, that responses were imminent at that date. Defendants now move to compel the Bear Shield plaintiffs to respond to their discovery requests.

## DISCUSSION

The Federal Rules of Civil Procedure as well as this court's local rules require a movant on a discovery motion to first engage in good faith attempts to resolve the matter with opposing counsel informally before filing a discovery motion. See FED. R. CIV. P. 37(a)(1) and DSD LR 37.1. The court finds defendants have satisfied this precondition to filing the instant motion.

When a party is served with discovery requests, they must either provide responses to each discovery request or make objection to it within 30 days. See FED. R. CIV. P. 33(b)(2) and 34(b)(2). The parties may stipulate to a longer period of time or the court may order a longer response time. Id. Neither has

happened in the case of defendants' discovery requests to the Bear Shield plaintiffs that would excuse the Bear Shield plaintiffs' failure to respond for over six months. The Bear Shield plaintiffs have not even responded to defendants' motion to compel, although they had 21 days within which to do so. See DSD LR 7.1B. Defendants have shown good cause for the granting of their motion and the court will, accordingly, grant it.

Counsel for the Bear Shield plaintiffs have demonstrated multiple times in this lawsuit either an ignorance of the governing law of civil procedure or a willingness to flout it. Rule 37 requires the court to award sanctions for a successful motion to compel such as defendants' motion in the form of the attorneys' fees incurred in filing the motion. See FED. R. CIV. P. 37(a)(5)(A). If defendants wish to obtain such an award, they are directed to file a motion detailing those expenses and providing appropriate documentary support. The Bear Shield plaintiffs shall have 21 days from the filing of any such motion to respond.

## CONCLUSION

Defendants' motion to compel [Docket No. 61] is hereby granted in full. The Bear Shield plaintiffs shall immediately serve defendants (but ***not*** file with the court) their responses to defendants' first sets of interrogatories and requests for production of documents served on July 26, 2019.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 12th day of February, 2020.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge