UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BRIGITTE JAHNER, as personal representative of THE ESTATE OF ROBERT BEAR SHIELD; JERRY BEAR SHIELD, SR.; JERRY BEAR SHIELD, JR.; JAYDEE SPOTTED ELK; AMERICAN ZURICH INSURANCE COMPANY; AND HEAVY CONSTRUCTORS INC.; <br><br> Plaintiffs, <br><br> vs. <br><br> KUMHO TIRE U.S.A., INC.;  KUMHO TIRE MERGER SUBSIDIARY, INC.; KUMHO TIRE CO. INC.; KUMHO TIRE (VIETNAM) CO., LTD.; <br><br> Defendants. | 5:18-CV-05036-JLV <br><br><br> ORDER FOR FURTHER BRIEFING |

**INTRODUCTION**

This matter is before the court on the amended complaint of plaintiffs American Zurich Insurance Company and Heavy Constructors, Inc. (collectively "Heavy"). See Docket No. 12 in 5:19-cv-5044.[1]  Jurisdiction is premised on the diverse citizenship of the parties and an amount in controversy exceeding

---

[1] Heavy originally filed its complaint as a separate matter in American Zurich Ins. Co. v. Kumho, 5:19-cv-5044 (D.S.D.).  That case was ordered consolidated with Bear Shield v. Kumho, 5:18-cv-5036 (D.S.D.) on July 30, 2019, because both cases involved actions for damages from an allegedly defective tire arising out of the same motor vehicle accident.  The original plaintiffs in the Bear Shield case are not involved in the currently pending motion that is the subject of this opinion.  Following the consolidation order, all pleadings are now being filed in 5:18-cv-5036.  All references to docket numbers in this opinion are to the consolidated case number unless otherwise noted.

$75,000.  Id. at p.4, ¶ 16.  Now pending is a motion by defendant Kumho Tire Co., Inc. ("KTCI") seeking its dismissal from this lawsuit on the basis that the statute of limitations has run, there is no personal jurisdiction over this defendant, and there is no cognizable claim under the Magnuson-Moss Act.  See Docket No. 79.  This motion was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, United States District Judge.

## FACTS

The motor vehicle accident giving rise to the claims in this lawsuit occurred June 22, 2016.  The state law claims asserted herein are governed by a three-year statute of limitations.  See SDCL § 15-2-12.2.  The statute of limitations in this matter ran on June 22, 2019.

Heavy filed its initial complaint in this court on June 17, 2019.  See American Zurich Ins. Co. v. Kumho, 4:19-cv-5044 Docket No. 1 (D.S.D.).  That original complaint named KTCI as a defendant and alleged it was the parent corporation for codefendant Kumho Tire U.S.A., Inc. ("KTUSA").  The original complaint alleged that KTCI designed, manufactured, sold, distributed, and supplied motor vehicle tires in the United States and South Dakota.  Id. at pp. 1-2, ¶ 4.

No evidence appears in the record regarding whether Heavy ever served KTCI with the summons and original complaint in this case.  No evidence

appears in the record regarding whether KTCI had actual notice of Heavy's complaint if it was not actually served on KTCI.

KTUSA *was* served with the original complaint on June 24, 2019. Id. at Docket No. 4. KTUSA thereafter filed an answer on July 15, 2019, denying that KTCI manufactured the accident tire. Id. at Docket No. 9.

Thereafter, Heavy filed an amended complaint on July 26, 2019, in which it added defendant Kumho Tire (Vietnam) Co., Ltd. ("Kumho Vietnam") and alleged that Kumho Vietnam manufactured the accident tire. Id. at Docket No. 12 at p. 2, ¶ 6. Despite alleging that Kumho Vietnam manufactured the tire involved in the accident at the heart of this case, Heavy continued to also allege that KTCI manufactured the accident tire. Id. at pp. 1-2, ¶ 4.

No proof of service of process of the amended complaint appears in the record regarding service on KTCI. KTCI alleges, without citing to any authority or providing any documentation, that it was served with Heavy's amended complaint on January 29, 2020. See Docket No. 80 at pp. 8, 24.

On February 19, 2020, KTCI filed a notice that Heavy had granted it an extension of time to file an answer. See Docket No. 73. In lieu of filing an answer, KTCI then filed the instant motion to dismiss pursuant to FED. R. CIV. P. 12. See Docket No. 79.

## DISCUSSION

In diversity actions pending in federal court, the general rule is that federal rules of procedure apply, but state substantive rules apply. Hanna v. Plumer, 380 U.S. 460 (1965). However, where application of a federal

3

procedural rule would serve to affect a party's substantive rights, the state procedural rule must be applied. Walker v. Armco, 446 U.S. 740, 752-53 (1980). The court believes that, under these principals, the South Dakota rules for commencing a court action must apply rather than federal rules.

Under FED. R. CIV. P. 3, an action is commenced by filing the complaint. If an action is filed before the statute of limitations runs, then the action is timely so long as service of the complaint and summons is completed within the 90 days set forth by FED. R. CIV. P. 4(m).

Not so under South Dakota law. Under South Dakota law, a suit is commenced by service upon the defendant. SDCL § 15-2-30. One can obtain a 60-day extension of the statute of limitations by placing the summons and complaint in the hands of a sheriff or other officer of the county within the limitations period. SDCL § 15-2-31. In such a case, the action is still deemed timely if the sheriff or county officer served the summons and complaint within 60 days after the same have been placed in their hands. Id.

Here, because Heavy filed its complaint mere days before the running of the statute of limitations, the court finds the application of Rule 3 would affect the substantive rights of the parties. Had Heavy filed in state court, it would have been required to actually serve KTCI with the summons and complaint before the running of the limitations period, or place the summons and complaint in the hands of the sheriff within the limitations period and then ensure the sheriff actually served KTCI within 60 days.

Numerous cases have held that, under the fact pattern presented here, the state rule for commencement of a cause of action applies rather than the federal rule where the running of the statute of limitations is affected.  See Walker, 446 U.S. at 752-53; Brossart v. Janke, 859 F.3d 616, 628 (8th Cir. 2017); Larsen v. Mayo Medical Ctr., 218 F.3d 863, 867-68 (8th Cir. 2000); Fischer v. Iowa Mold Tooling Co., Inc., 690 F.2d 155, 156-58 (8th Cir. 1982).  As the Eighth Circuit has said, "Walker v. Armco Steel has laid to rest the notion that Rule 3 can ever be used to toll a state statute of limitations in a diversity case arising under state law."  Fischer, 690 F.2d at 157.

It appears that KTCI's statute of limitations argument may be meritorious, but the court is stymied in the application of the above law to the facts presented because certain crucial facts are unclear.  Was KTCI ever served with the original summons and complaint?  *When* exactly was KTCI served with the amended complaint? When was the summons and amended complaint placed into the hands of a process server for purposes of serving KTCI?

Heavy, in its response to KTCI's motion, raises two arguments which are problematic in their own way.  The South Dakota statute provides in pertinent part, "[a]n action is commenced as to each defendant when the summons is served on him, or on a codefendant who is . . . otherwise united in interest with him."  Heavy asserts that service upon KTUSA is effectively also service upon KTCI because the two are "united in interest."  However, Heavy cites no law to

that effect and only notes in a footnote that both entities are represented by the same lawyers.  Law by anecdote does not suffice here.

The only law the court has been able to find applying this "united in interest" language from the South Dakota statute cuts against Heavy's assertion.  In Spiska Engineering, Inc. v. SPM Thermo-Shield, Inc., 798 N.W.2d 683, 684-85 (S.D. 2011), Spiska sued SPM on a breach of contract claim and obtained a judgment against SPM.  SPM was wholly owned by an individual named Joseph Raver, who was SPM's sole shareholder, president and CEO.  Raver was not a party to the contract action.  Id. at 685.  A receiver was appointed to liquidate SPM's assets to satisfy the judgment and, when Raver was served with notice of the sale, he filed an objection.  Id.  The circuit court overruled the objection and Raver appealed, arguing that the court never had jurisdiction over him.  Id.  The Supreme Court of South Dakota agreed.  The court held the circuit court did not acquire personal jurisdiction over Raver simply by serving SPM with service of process.  Id. at 690.

Although Spiska is not completely on point here, the issue being whether service on a defendant who is "united in interest" with an unnamed party can be subject to the court's personal jurisdiction when he makes a voluntary appearance before the court, nonetheless, it is instructive.  A corporation wholly owned by a sole individual who also occupies all officer positions within the corporation can hardly be said to have lacked notice of the proceedings against the corporation.  Yet Heavy argues KTCI should be deemed to have been timely served because it had notice of the proceedings.

6

In In re Briggs, 898 N.W.2d 465, 467-68 (S.D. 2017), a deceased mother had created a trust under which her son, Thomas, was disinherited, and her daughter, Judith, was the sole beneficiary and also trustee of the trust. Thomas was given notice of his mother's death, the existence of the trust and he was advised of the 60-day limitations period for contesting the trust. Id. Approximately two years later, he brought suit to contest the trust alleging his mother had lacked capacity and asserting Judith unduly influenced his mom. Id. at 468. Trying to get around the 60-day limitations period, Thomas argued his claim against Judith for breach of fiduciary duty should be subject to a three-year statute of limitations. Id. at 471. The court rejected this argument, noting he sued his sister on the theory that, in her role *as caretaker* of their mother, Judith had unduly influenced the mom. Id. The court rejected this argument because Thomas had sued Judith only in her capacity as the trustee, not in her individual capacity. Id. Thus, in Briggs, the court refused to extend the statute of limitations for the same person—Judith—in her different capacities. This certainly cuts against Heavy's argument that service on KTUSA, a separate corporate entity from KTCI, should serve as service on KTCI for statute of limitations purposes.

Heavy makes the second argument that, under FED. R. CIV. P. 15(c) the amendment should relate back to the original complaint. In this regard, Heavy asserts KTCI had "actual notice" of the complaint. Again, though, Heavy provides the court with no citation to any support for this assertion. In addition, Heavy argues that KTCI knew or should have known that but for a

7

mistake about the proper identity of the party, the party would have been named. But this argument flies in the face of the facts: KTCI *was* named as a defendant in the original complaint, it just was never apparently served with the original summons and complaint. Rule 15(c) applies when a defendant is *not named* in the original complaint and later *is* named in an amendment. In fact, although Heavy says it was "mistaken" about which entity actually manufactured and designed the accident tire, the statement about KTCI's role for purposes of this lawsuit is identical in both the original complaint and the amended complaint. See 5:19-cv-5044 at Docket No. 1, ¶ 4, and Docket No. 12, ¶ 4. The court is unconvinced that a party's naming of a defendant and failing to serve that defendant—when service is required in order to toll the statute of limitations—can be excused by later amending the complaint and then (untimely) serving that amended complaint.

  The only law Heavy cites in support of its Rule 15(c) argument is the rule itself and Orsorio v. Minneapolis Hotel Acquisition Group, LLC, 335 F. Supp. 3d 1141 (D. Minn. 2018). In Orsorio, a plaintiff sued the hotel he had previously been employed at and had been fired from. Id. at 1142-43. In between the time the plaintiff was fired and the time he sued, the hotel had changed hands, so he sued the successor owner. Id. But, it turned out that the previous owner, plaintiff's actual employer, had retained all liabilities. Id. So plaintiff amended his complaint two days after the statute of limitations had run and named his former employer as the defendant. Id. He argued the

amendment related back because, but for a mistake, he would have named the right defendant and the court agreed.  Id. at 1144-46.

Here, Heavy *did* name KTCI in its original complaint, it just failed to serve KTCI with the summons and the original complaint.  That is a significant difference from Orsorio—here, there was no mistaken omission of the defendant from the original complaint.  There was simply an omission of another defendant, Kumho Vietnam.  Also, while in Orsorio the proper defendant was served within two days of the running of the statute of limitations, here KTCI was not apparently served until January, 2020.  It is easy for a court to presume there is no prejudice where the missing of the statute of limitations is a matter of two days.  It is less easy to make such a presumption where the lapse is seven months.

## CONCLUSION

Because so much of the factual predicate and the law is unaddressed by the parties regarding the statute of limitations issue, the court gives the parties this opportunity to address the issues, factual and legal, outlined by the court above.  Each party, should they wish to, may file a supplemental brief addressing the issues raised by the court.  Briefs must be on file no later than close of business (5:00 p.m. Central Daylight Time) on Friday, May 1, 2020.

DATED this 17th day of April, 2020.

BY THE COURT:

_Veronica L. Duffy_
VERONICA L. DUFFY
United States Magistrate Judge

9