UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THE ESTATE OF ROBERT BEAR SHIELD; JERRY BEAR SHIELD, SR., JERRY BEAR SHIELD, JR., JAYDEE SPOTTED ELK, AMERICAN ZURICH INSURANCE COMPANY, BROUGHT IN FROM 19-5044 WHEN CASES WERE CONSOLIDATED; AND HEAVY CONSTRUCTORS INC., BROUGHT IN FROM 19-5044 WHEN CASES WERE CONSOLIDATED; | 5:18-CV-05036-JLV |
|                Plaintiffs, | |
|    vs. | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL BY PLAINTIFFS HEAVY CONSTRUCTORS, INC. AND ZURICH INSURANCE COMPANY |
| KUMHO TIRE U.S.A., INC., KUMHO TIRE MERGER SUBSIDIARY, INC., KUMHO TIRE CO. INC., KUMHO TIRE (VIETNAM) CO., LTD., BROUGHT IN FROM 19-5044 WHEN CASES WERE CONSOLIDATED; | Docket No. 113 |
|             Defendants. | |

**INTRODUCTION**

This matter represents the consolidation of two separate civil cases

involving products liability-related claims arising out of the same automobile

accident, allegedly caused by the malfunction of a truck tire.  Now pending is a

motion to compel discovery from defendant Kumho Tire U.S.A., Inc. by

plaintiffs Heavy Constructors, Inc. and Zurich Insurance Company (collectively

hereinafter "Heavy").  <u>See</u> Docket No. 113.  This matter was referred to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, United States District Judge.  <u>See</u> Docket No. 116.

## FACTS

This case represents two consolidated cases arising out of the same automobile accident due to an allegedly defective tire designed, manufactured and distributed by defendants.  On June 22, 2016, Robert Bear Shield, Justin Hawk Wing, and Jaydee Spotted Elk were commuting back from a job site where they had been performing work on behalf of Heavy.  They were riding in a work truck owned by Heavy, a 2002 Ford F250 flatbed pickup truck.  The truck was equipped with four Kumho tires, including an LT 265/17/16 tire manufactured by Kumho in the sixth week of 2012.

While traveling on an interstate highway, the tire tread on the LT 265/17/16 tire separated from the sidewalls, causing Robert, the driver, to lose control of the vehicle.  The pickup truck crashed, killing Robert and throwing Justin from the vehicle, severely injuring Justin.  Heavy asserts it suffered injury in the form of property damage and paid out workers compensation insurance benefits on behalf of Justin.  Heavy brought suit against the Kumho defendants asserting claims of negligence, strict liability, and breach of express and implied warranty.

The three named defendants are Kumho Tire Co., Inc. ("KTCI"), a South Korean company and parent company to the other defendants.  Kumho Tire

2

(Vietnam) Co, Ltd. (Kumho Vietnam), is a Vietnamese corporation and was the manufacturer of the accident tire.  Kumho Tire U.S.A., Inc. ("KTUSA") is a United States corporation and was the importer and distributor of the tire in question.  KTUSA is a wholly owned subsidiary of KTCI.

## DISCUSSION

### A.    Standards Governing Discovery

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within the scope of discovery need not be admissible in evidence to be discoverable.

See FED. R. CIV. P. 26(b)(1).  Rule 26 contains specific limitations relative to electronic discovery and other objections to providing discovery:

> (B)    *Specific Limitations on Electronically Stored Information.*  A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify the conditions for the discovery.

(C)     *When Required.*  On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

    (i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii)   the proposed discovery is outside the scope permitted by Rule 26(b)(1).

See Fed. R. Civ. P. 26(b)(2)(B) and (C).

A party claiming a privilege as to requested discovery has the burden of proving the basis for the application of the privilege:

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

    (i)     expressly make the claim; and

    (ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

See Fed. R. Civ. P. 26(b)(5)(A).

If a party fails to respond to a proper request for discovery, or if an evasive or incomplete response is made, the party requesting the discovery is entitled to move for a motion compelling disclosure after having made a good faith effort to resolve the dispute by conferring first with the other party.  See Fed. R. Civ. P. 37(a).

The scope of discovery under Rule 26(b) is extremely broad.  See 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 36-37

4

(1970) (hereinafter "Wright & Miller").   The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession."  8 Wright & Miller, § 2007, 39 (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507-08 (1947)).  The Federal Rules distinguish between discoverability and admissibility of evidence.  FED. R. CIV. P. 26(b)(1), 32, and 33(a)(2) & (c).  Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial.  These considerations are not inherent barriers to discovery, however.

        "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.  Relevancy . . . encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.' " <u>E.E.O.C. v. Woodmen of the World Life Ins. Society</u>, 2007 WL 1217919 at *1 (D. Neb. Mar. 15, 2007) (quoting <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978)).  The party seeking discovery must make a "threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required."  <u>Id.</u> (citing <u>Hofer v. Mack Trucks</u>, <u>Inc.</u>, 981 F.2d 377, 380 (8th Cir. 1993)).  "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and

its importance to their case." Id. (citing Cervantes v. Time, Inc., 464 F.2d 986, 994 (8th Cir. 1972)).

Discoverable information itself need not be admissible at trial; rather, the defining question is whether it is within the scope of discovery. See FED. R. CIV. P. 26(b)(1). Additionally, the court may limit the frequency and extent of discovery. See FED. R. CIV. P. 26(b)(2); see also Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003) ("The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit."); Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991) ("All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden.").

Heavy was under a duty to meet and confer with KTUSA before filing this motion to attempt to resolve the parties' discovery dispute. Heavy asserts it satisfied that duty, providing a detailed description of the parties' attempts. KTUSA does not dispute that Heavy satisfied its burden. Accordingly, the motion is ripe for decision.

**B.    Relevancy**

There are four main areas of contention:  relevancy, a subset of relevancy involving substantial similarity of products on which discovery is sought, whether documents are within KTUSA's control or custody, and whether

6

KTUSA's assertion that some categories of documents do not exist should be taken at face value.  The court addresses relevancy first because it is Heavy's initial burden to establish this foundation.[1]

Previously, KTCI and Kumho Vietnam made motions to dismiss the claims against them.  Kumho Vietnam argued exclusively that the court lacked personal jurisdiction over it.  KTCI argued the court lacked personal jurisdiction over it, but also argued the claims asserted by Heavy against it were barred by the statute of limitations.  This court issued recommended dispositions on both motions, agreeing that both defendants should be dismissed from this lawsuit.  Heavy has objected to the court's recommendations and those objections are still pending before the district court.

The court notes much of the disputed discovery which is the subject of Heavy's motion bears on the issue whether this court has personal jurisdiction over KTCI.  However, this court's recommended disposition of KTCI's motion to dismiss found that the court lacked personal jurisdiction over KTCI, and *also* that Heavy's claims against KTCI were time-barred.  See Docket No. 102 at pp. 8-24.  Thus, even though the requested discovery might assist Heavy to carry the day before the district court on its objections to this court's findings

---

[1] Numerous times Heavy mentions it served KTUSA with 96 discovery requests and makes sweeping statements about the inadequacy of KTUSA's response. The court will not sift through all 96 discovery requests and attempt to ascertain whether they were adequately responded to by KTUSA.  Accordingly, the court addresses only those specific discovery requests identified by Heavy in its motion and briefing.

on the personal jurisdiction issue, it will do nothing to alter the analysis on the statute of limitations as to claims against KTCI.  Specifically, the court held that South Dakota law required actual service of KTCI within the limitations period regardless of whether or how closely related KTCI and KTUSA are and that Heavy had failed to accomplish service on KTCI within the limitations period.  Id.  The court incorporates by reference herein its prior findings and conclusions with regard to the application of the statute of limitations issue against KTCI.  It is with this procedural history that the court evaluates Heavy's motion to compel.

The following discovery requests are not relevant given this court's determination that all of Heavy's claims against KTCI are barred by the statute of limitations.  The requests appear solely designed to shore up arguments that this court has personal jurisdiction over KTCI and do not appear relevant to any other issue.  Because the issue of personal jurisdiction is essentially mooted by this court's conclusion about application of the statute of limitations, such facts are not relevant to the remaining claims Heavy has against KTUSA.  Should the district court reject this court's recommended ruling on the statute of limitations, Heavy may renew its motion to compel on these items:

**Interrogatory 14**—to the extent discovery is sought regarding KTCI's officers and directors.

**Interrogatory 15**—seeking to discover all revenue KTUSA receives from KTCI or other Kumho entities.

**Requests for Production 32 & 33**—seeking to obtain communications by KTUSA to American regulatory agencies on behalf of other Kumho entities in order to show KTUSA the agent of other Kumho entities.

**Request for Production 56**—the distribution agreement between KTCI and KTUSA including information about how much KTCI invested in the Georgia tire manufacturing plant owned and operated by KTUSA (the accident tire in this case was not manufactured at the Georgia plant).

**Request for Production 62**—to the extent it seeks a financial statement from any entity other than KTUSA.

As to Interrogatory No. 14, the request for names of officers and directors of KTUSA *is* relevant and KTUSA should comply by supplying those names to Heavy in accordance with other rulings in this opinion.  As to Request for Production No. 62, the financial statements of KTUSA are relevant and KTUSA should comply by supplying those statements in accordance with other rulings herein.

**C.    Battles Over Definitions**

**1.    Relevant Time Period**

Heavy defines several key terms in its discovery requests and KTUSA objects to those definitions.  Heavy defines "Relevant Time Period" as being from 2011 to the present, or 9 years.[2]  KTUSA in its responses has unilaterally

---

[2] In practice, because there is a continuing duty to supplement discovery responses up to the time of trial, and because trial in this matter is probably a year or more away, the Relevant Time Period could end up covering 11-12 years or more.

limited itself to certain time periods, though the time periods for which it has provided discovery are not consistent from one discovery response to the next. KTUSA does not assert that the 9-year time period is unduly burdensome.

The tire in question was manufactured in 2012.  Defendants apparently admit this model of tire was first manufactured in 2011.  The accident occurred in 2016.  Although any time period is necessarily somewhat arbitrary, the court finds 9 years to be on the excessive side.  In <u>Hartsock v. Goodyear Dunlop Tires North America</u>, 2013 WL 6919715 at *6-7 (D.S.C. Nov. 22, 2013), the court limited discovery to a seven-year period, which incorporated both pre- and post-accident time frames.  This court followed <u>Hartsock</u> in imposing a seven-year limit on discovery in <u>McAllister-Lewis v. Goodyear Dunlop Tires North America, Ltd.</u>, 2015 WL 4886539 at *7-8 (D.S.D. Aug. 17, 2015). Limiting KTUSA's responses to the period from 2011 until two years after the accident—to June 22, 2018--appears to the court to be a more reasonable limitation.

Evidence that similar tires to the accident tire also failed or resulted in injury or death is relevant to Heavy's negligence claim in that could show knowledge of risk and magnitude of risk.  On the strict liability claim, it could also tend to show feasibility of other designs or unreasonable dangerousness of the product.  However, the further one gets from the date of the accident, the less probative the evidence is.

10

### 2.    Model Tire

Another disputed definition is "Model Tire."  Heavy has defined "Model Tire" to mean "all substantially similar Kumho branded Road Venture tires of the diameter (16) as the subject tire and manufactured at the Vietnam plant that share a common skim stock with the subject tire."

Heavy, through its expert tire failure evaluation, identifies both manufacturing and design defects.  See Docket No. 115-3.  Specifically, Heavy's expert notes there are internal pattern marks present on the tire, indicating Kumho manufactured the tire using old, aged rubber components, a manufacturing defect.  Heavy's expert also identifies the thin gauge of the inner liner of the accident tire as either a manufacturing or a design defect, stating that the butyl content of the inner liner needs to be confirmed with documentation from Kumho.  Finally, Heavy's expert states the fact the accident tire had only a partial nylon cap ply present in the tread cap construction, as opposed to a full continuous nylon overlay, was a design defect.  Heavy's expert opines that each of these defects caused or contributed to the accident.  Heavy has also asserted failure to warn claims.

In a general statement preceding its responses to Heavy's discovery requests, KTUSA asserts that "unless two tires are made from the same green tire specification, there will be differences in the tire that make them mechanically different," even if the tires are the same model.  See Docket No. 115-1 at p. 2.  Thus, KTUSA self-limited its responses to Heavy's discovery

requests to only "the subject tire and subject model and size tire manufactured at the subject plant."  Id. at pp. 2-3.

Discovery in product liability cases in the Eighth Circuit is limited to discovery about the exact model of the product that caused the injury and other substantially similar models of product.   Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993).  The Hofer court acknowledged there was no black letter rule for discovery in products liability cases, but noted "[g]enerally, different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation."  Id. at 380-81.

The court will not engage in a mini-Daubert hearing at the discovery stage of litigation—the standard of relevancy for discovery is broader than for admissibility at trial.  Brown Bear v. Cuna Mutual Group, 266 F.R.D. 310,  319 (D.S.D 2009); Woodmen of the World Life Ins. Soc'y., 2007 WL 1217919 at *1. Here, Heavy has identified three possible design and manufacturing defects: (1) lack of a full nylon cap; (2) use of aged rubber material in manufacturing the tire; and (3) a too-thin gauge of the inner liner.  See Docket No. 115-3. Accordingly, tires bearing these characteristics with the accident tire are "substantially similar" to the accident tire and are relevant for discovery purposes.  The court restricts Heavy's discovery requests including its definition of "model tire" to (1) other tires manufactured by Kumho that lacked a full nylon cap; (2) other tires manufactured using the same lot of rubber at roughly the same time as the accident tire *as well as* any other Kumho tires in

which internal pattern marks are present, indicating the use of aged rubber. As to the inner liner, Kumho must first supply Heavy with documentation as to what the design specifications were for the accident tire so that Heavy's expert can determine if the too-thin inner liner was a manufacturing defect (i.e. the accident tire's inner liner was less thick than the design specifications) or a design defect (i.e. the design specified the gauge thickness that was present in the accident tire).  Once that issue is clarified, Heavy should be entitled to discovery on the relevant models of tires (if the design called for the thin gauge inner liner, then discovery on all tires with that design; if the design called for a thicker liner, than all tires mis-manufactured in such a way that the inner liner was too thin and did not match the design specifications).

### 3.    Custody or Control

Rule 34 of the Federal Rules of Civil Procedure governs requests for the production of documents and provides that a party may ask another party to permit copying of documents "in the responding party's possession, custody, or control."  See Fed. R. Civ. P. 34(a)(1).  The concept of documents in a party's "possession" or "custody" is clear enough, but the concept of documents in a party's "control" is not obvious upon a reading of the rule.

The rule that has developed is that if a party "has the legal right to obtain the document," then the document is within that party's "control" and, thus, subject to production under Rule 34.  See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, §2210, at 397 (2d ed. 1994).  If a party "has the right, and the ready ability, to obtain copies of

13

documents gathered or created by its" agents pursuant to work done by or on behalf of the party, "such documents are clearly within the client's control." American Soc. for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus, 233 F.R.D. 209, 212 (D.D.C. 2006) (citing Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 501 (D. Md. 2000); and Poppino v. Jones Store Co., 1 F.R.D. 215, 219 (W.D. Mo. 1940)).

Here, presumably, many of the design and manufacturing documents relating to the accident tire and other substantially similar "model tires" are in the possession of KTCI or Kumho Vietnam, KTUSA's parent and sibling corporation respectively.  However, also presumably, the documents could be obtained by KTUSA through the simple expedient of asking its parent and sibling companies for them.  KTUSA is the distribution entity of these tires.  If KTUSA can provide official documentation to United States administrative agencies on behalf of KTCI and Kumho Vietnam, as it apparently has done in the past, KTUSA can also request and provide the relevant information to Heavy from its parent and sibling companies.  Reviewing each of the below discovery requests, the court finds all of those documents and all of the information to be presumptively in KTUSA's control, if not its actual possession or custody.

**D.     Specific Discovery Requests**

    **1.     Interrogatories 2-4 and Requests for Production 7-10, 15-20, 23, and 27-49**

Each of these interrogatories and requests for production of documents seeks design and manufacturing information about the "model tire" and the

"subject tire" for a period of 10 years.  The discovery is relevant and not disproportionate to the needs of the case when the "relevant time period" and "model tire" definitions are modified in accordance with the court's discussion immediately above.  Heavy's motion to compel is granted as to these interrogatories and requests for production, as modified.

### 2.    Interrogatory Nos. 8 & 9 and Request for Production 51

These discovery requests seek the names of KTUSA employees who contract and solicit business in South Dakota, gross revenue from sales by KTUSA in South Dakota, and a KTUSA dealer directory for the "relevant time period."  This information is relevant and should be provided for the modified time period specified by the court above.

### 3.    Requests for Production 11-14

These discovery requests seek organizational charts or company directories identifying who the officers and directors are of KTUSA, KTCI, Kumho Vietnam, and KTM.  Although this information is relevant to the personal jurisdiction issues, and personal jurisdiction is a dead letter at this point until the district court rules otherwise, the information may also serve to shore up KTUSA's liability.  Therefore, the court allows the discovery for the seven-year period specified by the court above.  KTM is not a party to this action and Heavy does not address why discovery of the officers and directors of a non-party is necessary.  KTUSA may omit any discovery for these discovery requests as to KTM.

### 4.    Request for Production 6

A Kumho employee, Jennifer Yaek, apparently obtained "total station electronic data" from the accident vehicle during a joint examination of the vehicle by plaintiffs and defendants.  Request for Production 6 asks for a complete copy of that data.  It is relevant.  KTUSA has not argued otherwise. KTUSA is ordered to produce this data.

### 5.    Requests for Production 10, 20, 28, 58 & 65

These discovery requests seek copies of all advertising, marketing, pricing, and distribution materials used by KTUSA for the "model tire" for the "relevant time period," all "EDGE" training materials provided to Kumho dealers, and all bills of lading and other business records for the accident tire. As the definitions of "model tire" and "relevant time period" were modified by the court above, these requests are relevant and must be provided.

### 6.    Request for Production 64

This discovery request seeks a complete copy of KTUSA's insurance policy.  Heavy should not have been required to serve KTUSA with a discovery request for this insurance policy—it is among the items KTUSA was specifically required to disclose voluntarily, without need for a request, as part of KTUSA's initial disclosures.  See FED. R. CIV. P. 26(a)(1)(A)(iv).  KTUSA is ordered to produce this document in its entirety.

### 7.    Request for Production 61

This discovery request seeks communications or agreements between the Kumho entities regarding the manufacture or distribution of the "model tire"

16

during the "relevant time period."  As those defined terms are modified by the court's above ruling, the information is relevant and must be produced.

**E.     KTUSA's Claims of No Existing Documents**

There are some categories of discovery requested by Heavy as to which KTUSA says no documents exist.  KTUSA shall provide an affidavit to Heavy signed by a party representative as well as by counsel for KTUSA explaining what steps were taken by KTUSA to identify or locate these categories of documents.  The court reminds KTUSA that its obligation to provide up-to-date discovery is a continuing obligation.  If documents that were not discovered initially are identified later, KTUSA must timely provide those documents to Heavy.

**CONCLUSION**

Based on the foregoing law, facts, and analysis, the court hereby

ORDERS that the motion to compel [Docket No. 113] by plaintiffs Heavy Constructors, Inc. and American Zurich Insurance Co. is granted in part and denied in part in accordance with the above opinion.  All discovery responses which the court has compelled must be provided by KTUSA within 21 days of the date of this order.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A),

17

unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED August 4, 2020.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

18