UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BRIGITTE JAHNER, as personal representative of the Estate of Robert Bear Shield, JERRY BEAR SHIELD SR., JERRY BEAR SHIELD JR., JAYDEE SPOTTED ELK, AMERICAN ZURICH INSURANCE COMPANY and HEAVY CONSTRUCTORS, INC., <br><br>Plaintiffs,<br><br>vs.<br><br>KUMHO TIRE U.S.A., INC., KUMHO TIRE MERGER SUBSIDIARY, INC., KUMHO TIRE CO. INC., and KUMHO TIRE (VIETNAM) CO., LTD.,<br><br>Defendants. | CIV. 18-5036-JLV<br><br>ORDER |

**INTRODUCTION**

This case arises out of a fatal June 22, 2016, motor vehicle accident. Heavy Constructors, Inc. ("Heavy") employed Robert Bear Shield, Justin Hawk Wing and Jaydee Spotted Elk. The three were in a work truck that overturned, killing Mr. Bear Shield, seriously injuring Mr. Hawk Wing and injuring Mr. Spotted Elk. Plaintiffs Heavy Constructors and insurer American Zurich ("plaintiffs") allege a Kumho tire on the truck separated, causing the accident. They contend "failures of design, manufacturing and warning were the ultimate cause of the subject tire's failure." (Docket 114 at p. 4). Accordingly, plaintiffs served requests for production of documents on defendant Kumho Tire, U.S.A

("KTUSA"), seeking "information on the design, manufacturing and marketing" of Kumho tires. (Docket 114 at p. 4). Plaintiffs subsequently filed a motion to compel discovery from KTUSA, claiming KTUSA's initial responses to their requests were incomplete. See Docket 113. The court referred the matter to Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(A) and the court's October 16, 2014, Standing Order. See Docket 116.

Magistrate Judge Duffy issued an order granting in part and denying in part plaintiffs' motion to compel. See Docket 126. Now pending is defendant KTUSA's partial objection to Magistrate Judge Duffy's order.[1] See Docket 128. KTUSA objects to two portions of Magistrate Judge Duffy's order: her definition of "model tire" and her determination plaintiffs are entitled to discovery of other manufactured Kumho tires with internal pattern marks. See id. at pp. 1-2. For the reasons given below, KTUSA's partial objection (Docket 128) is overruled.

I.  **Legal Standards**

   A.  **Standard of review**

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge . . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous and contrary to law." Fed. R. Civ. P. 72(a).

---

[1]Magistrate Judge Duffy issued an amended order on August 26, 2020. See Docket 132. The amendments have no bearing on KTUSA's objections or the court's analysis in this order.

B.     **Discovery in product liability cases**

The scope of discovery is broad under Fed. R. Civ. P. 26(b).  The rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake . . . , the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevant information within the scope of Rule 26(b)(1) "need not be admissible in evidence to be discoverable."  Id.  But the court must limit discovery it determines is outside the scope permitted by Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C)(iii).

The Eighth Circuit limits discovery in product liability cases to the model in dispute and substantially similar models.  See Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380-81 (8th Cir. 1992).  Courts "undertake[] a fact specific determination of the extent of the similarities and dissimilarities" in deciding whether other models are substantially similar to the model at issue and therefore are discoverable.  Id. at 381.  However, "the substantial similarity rule does not . . . require the court to compare the products in their entireties." McAllister-Lewis v. Goodyear Dunlop Ties North America, Ltd., No. 4:14-CV-04103, 2015 WL 4886539 at *11 (D.S.D. Aug. 17, 2015) (quoting Hadjih v. Evenflo Company, Inc., Civil Action No. 10-cv-2435, 2011 WL 3684807 at *5

3

(D. Colo. Aug. 23, 2011)).  It "only requires substantial similarity among those variables which are relative to the plaintiff's theory of defect."  Id.

**II.   Analysis**

Plaintiffs' discovery requests seek design, manufacturing and testing information about the model of tire involved in the accident giving rise to this case, a Kumho Road Venture AT tire, size LT265/75R16 LRE ("subject tire"), and substantially similar models.  Plaintiffs "self-limited" their initial discovery requests, however, by seeking product information about only a subset of substantially similar models—those they termed model tires.  (Docket 133 at p. 3).  As Magistrate Judge Duffy notes, plaintiffs define "model tire[s]" as "all substantially similar Kumho branded Road Venture tires of the diameter (16) as the subject tire and manufactured at the Vietnam plant that share a common skim stock with the subject tire."  (Docket 126 at p. 11).

Magistrate Judge Duffy's order clarifies plaintiffs' definition of "model tire" by identifying what specific characteristics qualify other models of tires as "substantially similar" to the subject tire in this case.  Plaintiffs "identified three possible design and manufacturing defects [of the accident tire]: (1) lack of a full nylon cap; (2) use of aged rubber material in manufacturing the tire; and (3) a too-thin gauge of the inner liner."  Id. at p. 12.  Magistrate Judge Duffy concluded Kumho tires bearing any of these same three characteristics are "substantially similar to the accident tire and are relevant for discovery purposes."  Id.  She restricted plaintiffs' discovery requests and definition of

4

"model tire" according to her definition of substantially similar models of tires, which includes those:

> (1) other tires manufactured by Kumho that lacked a full nylon cap; (2) other tires manufactured using the same lot of rubber at roughly the same time as the accident tire *as well* as any other Kumho tires in which internal pattern marks are present, indicating the use of aged rubber. As to the inner liner, [KTUSA] must first supply [plaintiffs] with documentation as to what the design specifications were for the accident tire so that [plaintiffs'] expert can determine if the too-thin inner liner was a manufacturing defect . . . or a design defect . . . . Once that issue is clarified, [plaintiffs] should be entitled to discovery on the relevant models of tires (if the design called for the thin gauge inner liner, then discovery on all tires with that design; if the design called for a thicker liner, th[e]n all tires mis-manufactured in such a way that the inner liner was too thin and did not match the design specifications).

Id. at pp. 12-13.

KTUSA objects to "Magistrate Duffy's definition of 'model tire.' " (Docket 128 at p. 5). KTUSA notes the absence of a conjunction between items (1) and (2) and asserts the magistrate's definition is "overbroad and unnecessarily murky and should be limited to 16 inch diameter Kumho brand Road Venture tires manufactured in KTV's Vietnam plant that (1) lacked a full nylon cap ply . . . ; *and* (2) used the same lot of rubber ('skim stock') as the accident tire." Id. (emphasis added). KTUSA also objects to Magistrate Judge Duffy's determination "'model tire' includes tires that have internal pattern marks," and that information about other manufactured Kumho tires with internal pattern marks is therefore discoverable. Id. at p. 6.

The court finds KTUSA's objections unpersuasive. To begin, KTUSA's objections are premised on a mischaracterization of Magistrate Judge Duffy's

5

order.  KTUSA characterizes Magistrate Judge Duffy's order as defining "model tire" and suggests she intended her definition to supplant plaintiffs' definition.  See Docket 128 at p. 4.  In fact, Magistrate Judge Duffy's order—and specifically the language with which KTUSA takes issue—defines "substantially similar" in this case.  That definition "restricts [plaintiffs'] discovery requests including [their] definition of 'model tire.'" (Docket 126 at p. 12).  In other words, Magistrate Duffy's order augments, rather than replaces, plaintiffs' definition of "model tire" by identifying specifically which shared characteristics qualify other models of tires as substantially similar to the accident tire in this case.

Plaintiffs, as Magistrate Duffy notes, have "identified three possible design and manufacturing defects: (1) lack of a full nylon cap; (2) use of aged rubber material in manufacturing the tire; and (3) a too-thin gauge of the inner liner." (Docket 126 at p. 12).  As "each of these defects [may have] caused or contributed to the accident," other models of Kumho tires that share any one or combination of these characteristics with the accident tire are substantially similar and therefore discoverable.  Id.; see McAllister-Lewis, 2015 WL 4886539 at *11 (requiring substantial similarity between subject model and other discoverable models with regard to characteristics relevant to the theory of defect).  Magistrate Judge Duffy's explication of substantially similar models of tires in this case is therefore most appropriately construed by reading in the conjunction "or" between items.

6

Magistrate Judge Duffy's determination that Kumho tires with internal pattern marks are substantially similar to the subject tire and therefore discoverable in this case is also well supported.  Plaintiffs' expert identified internal pattern marks on the accident tire, "indicating Kumho manufactured the tire using old, aged rubber components." (Docket 126 at p. 11). Information on other models of Kumho tires with this same characteristic is therefore relevant to plaintiffs' ability to assess the viability of their second theory of defect—the use of aged rubber material in manufacturing the accident tire.  The court is not swayed by KTUSA's argument that discovery of other manufactured tires based on internal pattern marks is impractical because "such marks cannot be seen unless a tire is cut open (which manufactured tires are not)." (Docket 128 at p. 2).  Information on other models of Kumho tires with internal pattern marks may exist from standard cut tire analyses conducted by the manufacturer or from documentation produced from other accidents or litigation involving similar tire failures.

Having carefully reviewed Magistrate Judge Duffy's August 4, 2020, order and considered KTUSA's objections, the court finds the order is not clearly erroneous and contrary to law.  In an effort to provide the parties clear guidance, the court summarizes in its own words Magistrate Judge Duffy's findings pertinent to KTUSA's objections as follows.  Plaintiffs' definition of "model tire," as restricted by Magistrate Judge Duffy's order, includes: All models of sixteen-inch diameter Kumho brand Road Venture tires sharing a

7

common skim stock[2] with and manufactured at the same Vietnam plant as the subject tire, and which:

(1) lack a full nylon cap;

(2) were manufactured using the same lot of rubber and at roughly the same time as the accident tire, or have internal pattern marks; or

(3) were either

    a) designed to have the same gauge inner liner as the accident tire, if the plaintiffs' expert determines from a review of the accident tire's design documentation that the accident tire's thin inner liner was a design defect, or

    b) were mis-manufactured with a thinner gauge inner liner than their design called for, if the plaintiffs' expert determines the accident tire's thin inner liner is a manufacturing defect.

KTUSA's responses to plaintiffs' discovery requests pertaining to "model tires" should comply with this definition.

### III. Conclusion

The court finds Magistrate Judge Duffy's August 4, 2020, order is not clearly erroneous or contrary to law. Magistrate Duffy's order identifies other

---

[2]There appears in previous filings in this case to be some ambiguity as to the meaning of the term "skim stock," and at times the term may have been conflated or used interchangeably with the term "lot of rubber." The court understands the two terms to be different and uses "skim stock" to refer to a specifically formulated rubber compound and "lot of rubber" to refer to a particular batch of rubber used in the manufacturing process.

models of tires substantially similar to the subject tire in this case based on the design and manufacturing defect theories plaintiffs have put forth.  Information on these substantially similar models is discoverable.  The court finds plaintiffs' discovery requests pertaining to any "model tire" are properly limited by Magistrate Duffy's determination of "substantially similar" models in her order, as reiterated and clarified by the court.

## ORDER

For the reasons given, it is

ORDERED that KTUSA's partial objection to Magistrate Duffy's order (Docket 128) is overruled.  Plaintiffs' discovery requests pertaining to any "model tire" are limited by Magistrate Duffy's order, as clarified by the court in this order.

Dated March 15, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE